A00A0085. AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY v. POTTS et al.
(534 SE2d 123)

BLACKBURN, Presiding Judge.

American National Property & Casualty Company appeals the dismissal of its action to determine insurance coverage under a policy issued to Gerald and Brenda Taylor. The trial court dismissed the case for an unreasonable delay in paying costs for the preparation and transmission of a transcript pursuant to OCGA § 5-6-48 (c). For the reasons set forth below, we affirm the dismissal.

OCGA § 5-6-48 (c) provides that a transcript must be filed within 30 days after the filing of a notice of appeal unless an extension of time is requested as provided by OCGA § 5-6-39. The trial court may, after notice and hearing, order an appeal dismissed for a party's failure to file a transcript on time only if the delay was (1) unreasonable, (2)

---

inexcusable, and (3) caused by such party. OCGA § 5-6-48; *Sellers v. Nodvin*, 262 Ga. 205 (415 SE2d 908) (1992). "In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion." (Citations and punctuation omitted.) *Hall v. Bussey*, 200 Ga. App. 311 (408 SE2d 430) (1991).

*Kendall v. Burke*, 237 Ga. App. 742 (516 SE2d 791) (1999).

The record shows that, on March 4, 1999, American National filed a notice of appeal regarding a finding by the trial court that an insurance policy issued to the Taylors extended certain coverage to them. Through its attorney, Steven Kreitzer, American National received notice from the Superior Court of Whitfield County that it owed appeal costs in the amount of $1,407 relating to the preparation and filing of the transcript. The notice, which was dated and mailed on March 12, 1999, was received by Stephanie Buck, a receptionist in Kreitzer's office at that time. Buck signed a receipt for certified mail attached to the notice on March 15, 1999, and she placed the envelope on Kreitzer's desk that same day. Kreitzer, nevertheless, contends that for some unknown reason, he did not discover the notice until April 13, 1999, and he did not pay the appeal fees until April 26, 1999, ten days after the opposing party filed a motion to dismiss American National's action. The trial court, after conducting hearings, granted the motion to dismiss, finding that American National's failure to comply with the requirements of OCGA § 5-6-48 (c) was unreasonable and inexcusable. We find no error in the trial court's findings.

The threshold question of whether a delay in filing a transcript is *unreasonable* is a separate matter from the issue of whether such a delay is inexcusable, and refers principally to the length and effect of the delay rather than the cause of the delay. . . . In *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172 [(444 SE2d 359) (1994), this Court] said that an unreasonable delay may be defined as a delay which may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale (see, e.g., *Cousins Mtg. &c. v. Hamilton*, 147 Ga. App. 210 (248 SE2d 516) [(1978)]), such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.

(Punctuation omitted; emphasis in original.) *Cook v. McNamee*, 223 Ga. App. 460, 461 (477 SE2d 884) (1996). Here, some evidence was presented that the delay precipitated by Kreitzer's oversight prevented placement of this case on the earliest possible calendar and delayed its docketing and hearing. Therefore, the trial court did not abuse its discretion by finding the underlying appeal to be stale. Id.

American National contends that, even if unreasonable, its delay in paying court costs should not be considered inexcusable. In essence, Kreitzer argues that his inadvertence should be considered a good faith mistake. We cannot say that the trial court abused its discretion in this matter.

> While good faith is a factor in determining whether conduct is inexcusable or excusable, it is but one factor to be considered; existence of good faith does not automatically render an unreasonable delay excusable. Whether conduct is incapable of being justified and thus inexcusable must be determined by examining the totality of the circumstances of a given appeal. Among the factors which should be considered is the existence of negligence on the part of the appealing party causing unreasonable delay, whether such delay reasonably should have been detected and timely corrected, and whether any such negligence was so severe as to prejudice the opposing party *or* to cause the appeal to become *stale*.

(Emphasis in original.) *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 500 (2) (458 SE2d 377) (1995).

Here, Kreitzer's negligence has caused this appeal to become stale, as discussed above. Moreover, despite his claims otherwise, Kreitzer's good faith in this matter is, at best, questionable, and the trial court has resolved this question contrary to Kreitzer's position. On April 26, 1999, when he first answered the plaintiff's motion to dismiss, Kreitzer stated: "Counsel for Plaintiff is advancing the court costs as apparently the payment has not yet been received from the Plaintiff for unknown reasons, *whether it be lost in the mail or otherwise*." (Emphasis supplied.) In the first hearing regarding the motion to dismiss, however, Kreitzer testified that, rather than there being a delay in the delivery of the costs which were previously mailed, he had not even received the notice of such costs until April 13, 1999, and he further postulated that the notice had arrived in that day's mail. When questioned about the returned notification of receipt, which clearly showed that someone named Stephanie B. had signed for the letter (the remainder of the last name was difficult to decipher), Kreitzer repeatedly stated that his office could not have

received the notice on March 15, 1999, because there was no one named Stephanie working in his office. Later, when Buck, who worked for Kreitzer for over a month, came forward some time after the initial hearing on the motion to dismiss, Kreitzer suddenly remembered that he did have a receptionist named Stephanie at the time that the notice was received and argued that his failure to find the notice on his desk between March 15 and April 13, 1999, was a matter of "good faith" inadvertence. These facts do not support Kreitzer's claim of good faith in this matter.

It is undisputed that American National failed to pay for the preparation and transmission of the transcript. The trial court did not abuse its discretion in determining that the reasons therefor were unreasonable and inexcusable and in dismissing American National's action.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED APRIL 18, 2000.

*Davis & Kreitzer, Steven W. Kreitzer,* for appellant.
*Coppedge & Leman, Warren N. Coppedge, Jr., David L. McGuffey,* for appellees.