A07A1815. VAUGHN et al. v. FAULKNER et al.
(655 SE2d 686)

SMITH, Presiding Judge.

Harold Vaughn and Kimberly Anderson, the defendants below, appeal from the trial court's order dismissing their appeal of the trial court's order granting summary judgment to the plaintiffs in this case involving a property dispute. For the reasons that follow, we affirm.

OCGA § 5-6-42 requires appellants to cause transcripts "to be filed within 30 days after the filing of the notice of appeal . . . unless the time is extended" by the trial court. In this case, appellants filed a notice of appeal on September 19, 2006. Appellants did not obtain an extension of time to file the transcript, and did not order the transcript until December 19, 2006. The transcript was filed on January 8, 2007, 81 days after it was due. In the hearing on the motion to dismiss, appellants' counsel admitted, "It's totally and completely my fault," and explained that the delay was caused by changes in his administrative staff.

OCGA § 5-6-48 (c) provides that a trial court may dismiss a party's appeal "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." Id. "We afford broad discretion to trial courts who must make factual determinations regarding the cause for delay in processing appeals. [Cit.]" Strickland v. State, 257 Ga. App. 304, 305 (1) (570 SE2d 713) (2002).

[A]n unreasonable delay may be defined as a delay which may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale . . . such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible

appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.

(Citations and punctuation omitted.) *Cook v. McNamee*, 223 Ga. App. 460, 462 (477 SE2d 884) (1996).

In this case, the trial court found that the delay was inexcusable based on "the duty of an attorney to properly administer and manage his or her law office." The trial court also found that the delay was unreasonable because it delayed the term of this court to which the case was assigned, and resulted in appellees having to hire new appellate counsel based on the pending retirement of their counsel.

Based on these facts, the trial court did not abuse its discretion when it dismissed the appeal. See *Dye v. U. S. Bank Nat. Assn.*, 273 Ga. App. 652, 654 (616 SE2d 476) (2005) (dismissing appeal based on delay over 60 days).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED DECEMBER 7, 2007 — 

*Cynthia G. Weaver, John C. NeSmith*, for appellants.
*Fortson, Bentley & Griffin, Robert N. Elkins*, for appellees.