**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**February 12, 2015**

# In the Court of Appeals of Georgia

A14A2219. HTTP HYPOTHERMIA THERAPY v.
 KIMBERLY-CLARK CORP.

DILLARD, Judge.

HTTP Hypothermia Therapy ("HTTP") appeals the trial court's dismissal of its appeal from the court's grant of summary judgment in favor of Kimberly-Clark Corporation, Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, Inc. (collectively, "Kimberly Clark") as to its counterclaims in a declaratory-judgment action. HTTP also appeals the underlying summary-judgment order. First, HTTP argues that the trial court abused its discretion in dismissing its appeal based on findings that the delay in completing the record on appeal was unreasonable, inexcusable, and caused by HTTP. Second, HTTP contends that the trial court erred in granting summary judgment in favor of Kimberly Clark because there were

genuine issues of material fact remaining as to each of its counterclaims. For the reasons set forth *infra*, we affirm the trial court's order dismissing HTTP's appeal of the summary-judgment order, and as such, its arguments challenging the summary-judgment order are not subject to appellate review.

The record shows that, in 2008, Kimberly Clark filed a complaint against HTTP, requesting declaratory relief regarding certain agreements that the two companies entered into for the purpose of developing a patient-warming device. In its answer and amended answers, HTTP asserted numerous counterclaims against Kimberly Clark. Discovery then ensued and, in July 2012, Kimberly Clark filed a motion for summary judgment as to HTTP's counterclaims.[1] After a hearing on November 7, 2012, the trial court granted summary judgment in favor of Kimberly Clark, and on December 5, 2012, HTTP filed a timely notice of appeal.

In relevant part, HTTP's notice of appeal provides: "The Clerk shall attach the entire record of this matter for transmittal to the Georgia Court of Appeals. The transcript shall be ordered by Plaintiff and transmitted by the Clerk of the Superior Court to the Georgia Court of Appeals." But when HTTP filed its notice of appeal,

---

[1] In previous orders, the trial court granted summary judgment in favor of Kimberly Clark as to some of HTTP's counterclaims and dismissed others , but HTTP has not appealed those orders.

it apparently only intended for deposition transcripts to be included in the record, not the transcript of the summary-judgment hearing (which HTTP did not plan to order or file with the clerk).

When the record had not been completed for "several months," HTTP's counsel contacted the clerk's office for the Fulton County Superior Court and learned that the clerk had been waiting to compile the record until he received the transcript of the summary-judgment hearing. Thereafter, on October 11, 2013, approximately ten months after HTTP filed its notice of appeal, HTTP filed an amended notice of appeal, clarifying that, "[a]lthough numerous deposition transcripts shall be filed for inclusion of the record on appeal, there exist[s] no trial or hearing transcript to be transmitted to the appellate court." Subsequently, Kimberly Clark filed a motion to dismiss HTTP's appeal, arguing that (1) HTTP's failure to order and file the summary-judgment hearing transcript, as well as its failure to file any additional deposition transcripts, resulted in a ten-month delay in the record being transmitted to this Court, and (2) such a delay was unreasonable and inexcusable. After a hearing, the trial court granted Kimberly Clark's motion and dismissed the appeal. This appeal follows.

1. HTTP first argues that the trial court abused its discretion in dismissing its appeal. We disagree.

OCGA § 5-6-48 (c) provides that

[n]o appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party.[2]

In applying this statutory framework, we begin by noting that the "determination of whether the delay in the filing of the transcript was unreasonable, inexcusable, and caused by the appellant is a fact issue for the trial court and will not be disturbed on appeal absent an abuse of discretion."[3] With this deferential standard of review in mind, we turn now to HTTP's first enumeration of error.

---

[2] OCGA § 5-6-48 (c).

[3] *Bush v. Reed*, 311 Ga. App. 328, 331 (715 SE2d 747) (2011); *see also S & S Food Svcs., Inc. v. Dep't of Transp.*, 222 Ga. App. 579, 581 (3) (475 SE2d 197) (1996); *Teston v. Mills*, 203 Ga. App. 20, 20 (416 SE2d 133) (1992).

Here, in dismissing the appeal, the trial court first noted that, as of March 11, 2014, over 15 months had passed since HTTP filed its original notice of appeal, and the appeal still had not been docketed in this Court. Further, the trial court found that this delay was solely HTTP's fault because it mistakenly indicated in its original notice of appeal that it would file a hearing transcript and erroneously suggested in its amended notice of appeal that additional deposition transcripts would be filed. Next, the court noted that HTTP's only explanation for the delay was its estimation of how long it would take the clerk's office to compile such a voluminous record[4] and that the summary-judgment hearing transcript was unnecessary on appeal. But the court found this explanation wanting:

> The size of the record in this case does not come into play . . . if the Clerk is waiting on the appellant to complete the record in the first instance. The delay in preparing the record necessitated by the original notice [of appeal], and the further delay in preparing the record necessitated by the amended notice [of appeal], are solely the fault of HTTP.
>
> HTTP argues that it does not need the transcript because the transcript is merely argument. Whether HTTP needs the transcript or not is not the

---

[4] The record on appeal includes over 10,000 pages contained within 45 volumes.

issue. What is at issue is the fact that HTTP asked the Clerk to hold in preparing the record because it intended to file the transcript(s). That HTTP erred in doing so, and did not correct its error for 15 months, is inexcusable . . . .

In sum, as to its reasons for dismissing the appeal, the trial court cited the length of the delay, HTTP's explanation for the delay, the fault of HTTP, and the fact that the delay was inexcusable.

In considering the trial court's dismissal of HTTP's appeal, we note that our Supreme Court has previously held that a delay in excess of 30 days in filing a transcript after a notice of appeal is filed is *prima facie* unreasonable and inexcusable, but this presumption is "subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable."[5] And in evaluating the threshold question of whether the delay was unreasonable, we consider both the

---

[5] *In re T. H.*, 311 Ga. App. 641, 643 (716 SE2d 724) (2011) (punctuation omitted); *accord Kelly v. Dawson County.*, 282 Ga. 189, 189 (646 SE2d 53) (2007); *Adams v. Hebert*, 279 Ga. App. 158, 159 (630 SE2d 652) (2006).

length and effect of the delay.[6] This Court will also consider *any* delay in transmitting the appellate record unreasonable where it may affect an appeal by:

> (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale, such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.[7]

Indeed, we have repeatedly recognized that "justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed."[8]

---

[6] *See Pistacchio v. Frasso,* 314 Ga. App. 119, 121 (723 SE2d 322) (2012); *accord Am. Nat. Prop. & Cas. Co. v. Potts*, 243 Ga. App. 645, 646 (534 SE2d 123) (2000); *see also Sellers v. Nodvin*, 262 Ga. 205, 206 (1) (b) (415 SE2d 908) (1992) ("The threshold question whether the delay was unreasonable refers principally to the length and effect of the delay." (punctuation omitted)).

[7] *Mercer v. Munn*, 321 Ga. App. 723, 726 (1) (742 SE2d 747) (2013) (punctuation omitted); *accord Pistacchio,* 314 Ga. App. at 121-22; *Vaughn v. Faulkner*, 288 Ga. App. 798, 798-99 (655 SE2d 686) (2007).

[8] *Ashley v. JP Morgan Chase Bank, N.A.*, 327 Ga. App. 232, 237 (1) (758 SE2d 135) (2014) (punctuation omitted)*; accord Bush*, 311 Ga. App. at 332 (a); *Adams*, 279 Ga. App. at 159.

Here, HTTP's inadvertent reference to a non-existent transcript in its original notice of appeal caused the clerk to delay compiling the record while waiting for the transcript to be filed, and HTTP did not discover the mistake until ten months later when it inquired about the status of the appeal. And then, in an effort to clarify that it only meant for the deposition transcripts to be included on appeal, HTTP filed an amended notice of appeal in October 2012. But that amended notice only made things worse, erroneously suggesting that HTTP would file additional deposition transcripts. In the end, approximately 15 months passed between when HTTP filed its original notice of appeal in December 2012 and when the trial court dismissed the appeal in March 2014.

Nevertheless, HTTP contends that it did not cause the delay, but rather the delay in transmitting the appellate record was due to its voluminous nature. But HTTP cites no authority, and we find none, suggesting that the size of a record exempts an appellant from otherwise complying with the requirements of OCGA § 5-6-48 (c). Moreover, HTTP's contention appears to be based on speculation because it does not direct us to any evidence in the appellate record establishing exactly what portion of the delay, if any, directly resulted from its voluminous nature. And as the appeal was delayed for over a year, it most certainly prevented "placement of the case

8

on the earliest possible appellate court calendar."[9] As such, under these particular circumstances, we conclude that the trial court did not abuse its discretion in finding that the 15-month delay in transmitting the record on appeal to this Court was unreasonable, inexcusable, and caused by HTTP.[10]

---

[9] *Pistacchio,* 314 Ga. App. at 121-22 (punctuation omitted); *see Am. Nat. Prop. & Cas. Co.*, 243 Ga. App. at 646-47 (finding that a month and a half delay in filing a transcript was unreasonable and prevented docketing of the appeal on the earliest possible calendar); *see also* Court of Appeals Rule 12 ("The dockets for the January, April, and September terms shall close at midnight on the 15th day of December, April and August, respectively.").

[10] *See Pirkle v. Bell*, 270 Ga. 438, 438 (510 SE2d 814) (1999) (affirming the trial court's dismissal of an appeal when three-month delay was caused by appellant's designation in the notice of appeal that a non-existent transcript would be included in the record and on appellant's failure to check on the status of the appeal); *Pistacchio,* 314 Ga. App. at 121-22 (affirming the trial court's dismissal of an appeal when the transcript was filed over three months after the notice of appeal and the delay prevented an appellate decision at the earliest possible date); *Am. Nat. Prop. & Cas. Co.*, 243 Ga. App. at 646-47 (finding that a month-and-a-half delay in filing a transcript was unreasonable and prevented docketing of the appeal on the earliest possible calendar); *Hameed v. Hall*, 234 Ga. App. 890, 892 (1) (508 SE2d 680) (1998) (finding that a 72-day delay in filing a transcript identified in the notice of appeal was unreasonable and inexcusable regardless of whether that transcript was necessary); *Lindstrom v. Forsyth County*, 221 Ga. App. 581, 581 (472 SE2d 106) (1996) (affirming dismissal of an appeal when two-month delay was caused by a mistaken designation in the notice of appeal that a non-existent transcript would be included in the record and appellant made no efforts to expedite the appeal); *Devins v. Leafmore Forest Condo. Ass'n of Owners*, 213 Ga. App. 823, 823 (446 SE2d 531) (1994) (affirming the trial court's dismissal of an appeal when appellant caused a delay in the docketing of the appeal by mistakenly designating a non-existent transcript as part of the record and by failing to take any steps to expedite the appeal);

2. Given our holding in Division 1 *supra*, we need not address HTTP's remaining arguments with respect to the trial court's grant of summary judgment.[11]

For all of the foregoing reasons, we affirm the trial court's order dismissing HTTP's appeal.

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*

---

*Johnson v. Ga. Pub. Serv. Comm'n*, 209 Ga. App. 224, 224 (433 SE2d 65) (1993) (affirming dismissal of an appeal when the sole reason for the delay in transmitting the record to this Court was appellant's inadvertent designation that a non-existent transcript would be included in the record on appeal and the earliest inquiry about the status of the appeal was not made until "several months" after the notice of appeal was filed); *Teston*, 203 Ga. App. at 20 (affirming the dismissal of an appeal when a three-month delay was caused by appellant's designation in the notice of appeal that a non-existent transcript would be included in the record and appellant made no effort to expedite the appeal); *cf. Brandenburg v. All-Fleet Refinishing, Inc.*, 252 Ga. App. 40, 44 (555 SE2d 508) (2001) (finding that a delay was not inexcusable when it appeared to be caused by an insurance company, not the party); *Holy Fellowship Church of God in Christ v. First Cmty Bank of Henry County*, 242 Ga. App. 400, 403 (530 SE2d 24) (2000) (reversing dismissal of an appeal when the delay was caused by the clerk's failure to open and transmit a sealed record).

[11] Moreover, our holding in Division 1 renders Kimberly Clark's motion to dismiss this appeal moot.