297 Ga. 52
FINAL COPY

S14G1184.  ESTATE OF CALLAWAY et al. v. GARNER et al.

HUNSTEIN, Justice.

We granted certiorari to determine whether OCGA § 13-6-13 authorizes the award of prejudgment interest on a judgment granting relief only in the form of specific performance.  For the reasons set forth below, we answer this question in the negative.  We therefore reverse the judgment below to the extent it awarded prejudgment interest under OCGA § 13-6-13, but we also remand for a determination as to whether prejudgment interest may nonetheless be awarded in this case under OCGA § 7-4-15.

Appellees Larry Garner, Sr., and Larry Garner, Jr., were minority shareholders in the Callaway Blue Springs Water Company (CBSW), a closely held corporation formed in 2001 by the Garners and majority shareholder Cason Callaway, Jr.  In 2007, the Garners sued Callaway[1] and his son and attorney-in-fact, Kenneth Callaway, for specific performance of an oral stock purchase agreement.  The Garners alleged that the Callaways had reneged on an oral contract under which Cason Callaway, Jr., had agreed to purchase the Garners' 7,500 shares of CBSW stock.  Following a bench trial, the trial court entered a

---

[1] Cason Callaway, Jr., died during the pendency of the litigation, after which the executors of his estate were substituted as defendants.

detailed final order directing Callaway's estate to perform under the agreement by purchasing the stock at the agreed price of $160 per share, for a total purchase price of $1.2 million. The trial court also awarded prejudgment interest pursuant to OCGA § 13-6-13 on the $1.2 million purchase price, running from the date of breach through the date of judgment, totaling $462,000. On appeal, the Court of Appeals affirmed both the grant of specific performance and the award of prejudgment interest. Callaway v. Garner, 327 Ga. App. 67 (755 SE2d 526) (2014).

1. The sole question before this Court is whether OCGA § 13-6-13 authorizes the award of prejudgment interest on an award of specific performance. Situated within the chapter of the Georgia Code addressing contract damages, the statute provides:

> In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery.

OCGA § 13-6-13. The statute thus permits "the damages" sustained as the result of a breach of contract to be "increased by the addition of legal interest."

Specific performance is not a form of damages. See generally PMS Constr. Co. v. DeKalb County, 243 Ga. 870 (2) (257 SE2d 285) (1979) (enumerating specific performance and damages as distinct remedies for breach

2

of contract). To the contrary, specific performance is an equitable remedy that generally is appropriate only where an award of damages would be insufficient to compensate the injured party for the other's breach. OCGA § 23-2-130 (specific performance generally proper where "the damages recoverable at law would not be an adequate compensation for nonperformance"); see also OCGA § 23-1-4 (equitable relief not available "where an adequate and complete remedy is provided by law"). One who is injured by another's breach is in fact required to elect between these two distinct remedies. Clayton v. Deverell, 257 Ga. 653 (3) (362 SE2d 364) (1987).[2]

Indeed, an award of contract damages in this case would have looked very different than the award of specific performance. As applied to the breach of a stock purchase agreement, "the proper measure of damages . . . is the difference between the contract price and the market value of the stock at the time of the

_____

[2] However, as we noted in Clayton, the fact that a plaintiff must elect between contract damages and specific performance does not mean that other types of damages, such as attorney fees, consequential damages, and punitive damages, are not available to a plaintiff who is awarded specific performance. 257 Ga. at 655-656. Contrary to the Garners' argument, the fact that specific performance may coexist with these other remedies in a proper case does not render specific performance – even in the form of an order to pay a fixed dollar amount – a form of damages within the scope of OCGA § 13-6-13.

breach." Brown v. Reeves, 164 Ga. App. 89, 91 (296 SE2d 393) (1982)

(Sognier, J., concurring specially); see also generally OCGA § 13-6-1 (contract

damages are intended to "compensat[e] for the injury sustained as a result of the

breach of a contract"). Thus, the measure of contract damages here would have

been the difference between the value of the CBSW stock on the date the

Callaways should have consummated the purchase and the $160 per share

contract price. Whatever amount may have been yielded by this calculation is

vastly different from the amount — the total purchase price — that was

awarded as specific performance.

In short, "the damages" as contemplated in OCGA § 13-6-13 simply does

not include the remedy of specific performance. Prejudgment interest under

OCGA § 13-6-13 is therefore not available on an award of specific

performance.[3] In relying on OCGA § 13-6-13 as the basis for its award of

---

[3] Horne v. Drachman, 247 Ga. 802 (4) (280 SE2d 338) (1981), relied on by the Court of Appeals, does not demand a different result. The issue presented to this Court in Horne was not whether prejudgment interest was authorized, but rather only whether the trial court had selected the correct date on which such interest had begun to accrue. 247 Ga. at 806-807. To the extent any dicta in Horne may be construed as expressly approving the award of prejudgment interest under OCGA § 13-6-13 on the purchase price under a contract as to which specific performance has been ordered, we disavow such a construction.

prejudgment interest, the trial court erred, and the Court of Appeals likewise erred in affirming this portion of the judgment below.

2. Prejudgment interest may yet be authorized, however, under OCGA § 7-4-15. See Gwinnett County v. Old Peachtree Partners, LLC, 329 Ga. App. 540 (764 SE2d 193) (2014) (affirming award of prejudgment interest under OCGA § 7-4-15 on purchase money owed as the result of award of specific performance). OCGA § 7-4-15 provides for the award of interest on "[a]ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain[,]" running from the date such fixed sum becomes due.

> Under this statute, prejudgment interest — which flows automatically from a liquidated demand — is to be awarded upon a judgment for a liquidated amount. Thus, as long as there is a demand for prejudgment interest prior to the entry of final judgment, a trial court should award it.

Crisler v. Haugabook, 290 Ga. 863, 864 (725 SE2d 318) (2012). A demand is liquidated when the sum owed is fixed and certain, meaning "there [is] no bona fide controversy over the amount." Those Certain Underwriters at Lloyds, London v. DTI Logistics, Inc., 300 Ga. App. 715, 722 (4) (686 SE2d 333) (2009). See also Hughes v. Great Southern Midway, Inc., 265 Ga. 94, 96 (2)

(454 SE2d 130) (1995) (prejudgment interest may have been authorized where "the measure of damages from breach [of the contract] was ascertainable"). The record reflects that the Garners expressly referenced OCGA § 7-4-15 as the basis for an award of prejudgment interest in their proposed conclusions of law submitted after trial but before the entry of judgment. Whether the Garners made a sufficient demand for prejudgment interest, see Crisler, 290 Ga. at 864, and are otherwise entitled to recover under OCGA § 7-4-15, are questions to be resolved by the trial court on remand.

Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.

Decided May 11, 2015.

Certiorari to the Court of Appeals of Georgia – 327 Ga. App. 67.

Bondurant, Mixson & Elmore, Emmet J. Bondurant II, Alison B. Prout, Michael B. Terry; Hatcher Stubbs Land Hollis Rothschild, Gregory S. Ellington, for appellants.

Waldrep Mullin & Callahan, Joseph L. Waldrep, Clarence M. Mullin, for appellees.