**FIFTH DIVISION**
**DILLARD, P. J.,**
**REESE and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 8, 2017**

# In the Court of Appeals of Georgia

A16A1513. CALLAWAY, et al v. GARNER, et al.

DILLARD, Presiding Judge.

The Estate of Cason J. Callaway, Jr. (the "Estate"), through its executor, Ken Callaway, appeals the trial court's dismissal of its notice of appeal from the court's entry of final judgment in favor of Larry Garner, Sr. and Larry Garner, Jr. (the "Garners") in their civil action against the Estate, which sought specific performance of Cason Callaway's agreement to purchase stock from the Garners. On appeal, the Estate argues that the trial court erred in (1) dismissing its appeal without making a finding that it caused an unreasonable and inexcusable delay in the docketing of the appeal, and (2) finding the Estate forfeited the supersedeas collateral that it posted during the litigation (*i.e.*, the stock) because it was worthless. For the reasons set forth *infra*, we affirm.

In 2014, this Court affirmed the trial court's order requiring the Estate to perform an agreement made by Cason Callaway prior to his death to purchase shares of Callaway Blue Springs Water Company from the Garners for $1,200,000 and awarding the Garners prejudgment interest and attorney fees ("*Callaway I*").[1] While that appeal was pending, the Estate posted certain supersedeas collateral, including the stock that was the subject of the lawsuit. Subsequently, the Supreme Court of Georgia reversed *Callaway I*, in part, only as to this Court's approval of the prejudgment-interest award and remanded the case for the trial court to resolve certain questions involving that award ("*Callaway II*").[2] Upon remand, on October 1, 2015, the trial court issued a final judgment that, as authorized by *Callaway I* and *Callaway II*, the Garners were entitled to recover $1,200,000 from the Estate for the sale of the stock. In addition, the trial court found that, based on the evidence

---

[1] *See Callaway v. Garner*, 327 Ga. App. 67 (755 SE2d 526) (2014) (physical precedent only), *affirmed in part and reversed in part by Estate of Callaway v. Garner*, 297 Ga. 52 (772 SE2d 668) (2015).

[2] *See Estate of Callaway*, 297 Ga. at 54-55 (2). We note that although the Supreme Court found that the trial court erred in awarding prejudgment interest under OCGA § 13-6-13, it nevertheless remanded the case for the trial court to determine whether an award of prejudgment interest was authorized by OCGA § 7-4-15. *See Estate of Callaway*, 297 Ga. at 52-55 (1), (2). The Supreme Court affirmed this Court's holdings as to the merits of the Garners' underlying specific-performance claim and the award of attorney fees. *See id.*

presented at a September 30, 2015 hearing, the Estate forfeited the stock that it posted as collateral because it had become worthless.

On October 9, 2015, the Estate filed a timely notice of appeal from the trial court's final judgment, which noted, *inter alia*, that "[t]he clerk shall omit nothing from the record on appeal" and "[a] transcript of evidence [should] be filed for inclusion in the record on appeal." Then, on November 4, 2015, the Estate filed a motion to reconstruct the record. And in that motion, the Estate acknowledged that no court reporter was present during the September 30, 2015 hearing, but also alleged that its counsel had recorded the hearing with the permission of the court. Further, the Estate asserted that this recording had since been transcribed by a certified court reporter and that counsel for the Estate still possessed the original recording. Finally, the Estate contended that, upon the grant of its motion to reconstruct the record, it would "forward the original transcript and recording to the Clerk for inclusion in the record."

On November 20, 2015, the Garners filed a motion to dismiss the Estate's notice of appeal, arguing that, despite the Estate's representation in its notice of appeal that it would file a transcript for inclusion in the record, it had failed to do so. Furthermore, as to the Estate's request to reconstruct the record, the Garners noted

that its counsel had yet to provide the court or anyone else with a copy of the recording of the hearing or any transcript of that recording. Additionally, the Garners claimed that the Estate's counsel only recorded the second half of the hearing. Thus, the Garners maintained that because the Estate indicated in its notice of appeal that it would file a nonexistent transcript, the trial court was required to dismiss the appeal. Then, just over two-and-a-half months later (on February 10, 2016), the trial court denied the Estate's motion to reconstruct the record and granted the Garners' motion to dismiss the Estate's appeal. This appeal by the Estate follows.[3]

---

[3] As an exhibit to its notice of appeal, the Estate attached a document entitled "Transcript of Tape Recorded Hearing," which appears to be an incomplete transcript of a hearing held in this case. There is, however, no indication of when the hearing occurred. The court reporter who created the transcript included this disclaimer: "The following transcript has been prepared by the court reporter from a tape[ ]recording. The court reporter was not present during the above-referenced proceedings. The speakers are identified based upon representations made by others." But regardless of the authenticity of this transcript, the Estate submits it for the first time on appeal, and we will not consider evidence that was not presented to the trial court. *See Givens v. Ichauway, Inc.*, 268 Ga. 710, 712 (1) (493 SE2d 148) (1997) ("[A]ppellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be admitted on appeal." (punctuation omitted)); *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357) (1977) (same); *RC Cola Bottling Co. v. Vann*, 220 Ga. App. 479, 480 (1) (469 SE2d 523) (1996) (same); *see also Jones v. O'Day*, 303 Ga. App. 159, 162 n.4 (692 SE2d 774) (2010) (holding that a deposition that was not presented to the trial court could not be considered on appeal); *Ga. Farm Bureau Mut. Ins. Co. v. Shook*, 215 Ga. App. 66, 67-68 (449 SE2d 658) (1994) ("It is true this [C]ourt cannot consider evidence not presented to the trial court.").

4

1. The Estate first argues the trial court erred in dismissing its appeal without making the necessary findings that it caused an unreasonable and inexcusable delay in the appellate process. We disagree.

OCGA § 5-6-48 (c) provides that

[n]o appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the trial court may, after notice and opportunity for hearing,[4] order that the appeal be dismissed where

---

[4] In its order dismissing the Estate's appeal, the trial court noted that neither party requested a hearing on the Garners' motion to dismiss, and the Estate does not challenge the court's failure to hold such a hearing. Moreover, although the Estate does not maintain that it was not given an opportunity to respond to the motion to dismiss, we reiterate that the motion was pending for over two-and-a-half months before the trial court issued its ruling, and so long as the party opposing the motion to dismiss has an *opportunity* to respond on the record, no hearing is required. *See Mitchell v. 3280 Peachtree 1, LLC*, 285 Ga. 576, 576 (1) (678 SE2d 880) (2009) (affirming the trial court's grant of a motion to dismiss when it did not hold an oral hearing on the motion because the appellant was given "ample notice and opportunity to respond" to the motion such that his due process rights were not violated); *Grant v. Kooby*, 310 Ga. App. 483, 486 (713 SE2d 685) (2011) (holding that a hearing on a motion to dismiss an appeal is *not* required if the parties are given an opportunity to respond on the record); *Lemmons v. Newton*, 269 Ga. App. 880, 882 (605 SE2d 626) (2004) (holding that the trial court did not err by failing to hold an oral hearing on a motion to dismiss an appeal because the appellant was afforded a full opportunity to respond to the motion). Regardless, the Estate has abandoned any claims of error regarding the trial court's decision not to hold a hearing because the issue is not addressed in the Estate's appellate brief, much less supported by

5

there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party.

In applying this statutory framework, the determination of whether the delay in the filing of the transcript was unreasonable, inexcusable, and caused by the appellant is "a fact issue for the trial court and will not be disturbed on appeal absent an abuse of discretion."[5] With this deferential standard of review in mind, we turn now to the Estate's first enumeration of error.

---

meaningful argument. *See Payton v. Johnson*, 228 Ga. 810, 812 (1) (188 SE2d 504) (1972) (deeming two enumerations of error abandoned when they were not supported in the appellant's brief by citation to authority or by argument); *Caring Hands, Inc. v. Dep't of Human Res*., 222 Ga. App. 608, 609 (2) (475 SE2d 660) (1996) ("The failure to support the enumerated errors by citation of authority or argument constitutes an abandonment of such enumerated errors." (punctuation omitted)); *Hartford Acc. & Indem. Co. v. Taylor*, 144 Ga. App. 64, 66 (240 SE2d 575) (1977) ("The failure to support the enumerated error by citation of authority or argument in the brief leaves nothing for this court to consider and constitutes an abandonment of the error enumerated in this appeal.").

[5] *HTTP Hypothermia Therapy v. Kimberly Clark Corp*., 330 Ga. App. 857, 858-59 (768 SE2d 542) (2015) (punctuation omitted); *accord Bush v. Reed*, 311 Ga. App. 328, 331 (715 SE2d 747) (2011); *see Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011) (noting that a trial court's ruling on whether a delay in filing transcript is inexcusable and caused by the appellant will be reviewed on appeal only for abuse of discretion); *S & S Food Svcs., Inc. v. Dep't of Transp.*, 222 Ga. App. 579, 582 (3) (475 SE2d 197) (1996) ("In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion." (punctuation omitted)).

As to a trial court's dismissal of an appeal, our Supreme Court has held that a delay in excess of 30 days in filing a transcript after a notice of appeal is filed is *prima facie* unreasonable and inexcusable, but this presumption is "subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable."[6] And in evaluating the threshold question of whether the delay was unreasonable, we consider both the length and effect of the delay.[7] This Court will also consider *any* delay in transmitting the appellate record unreasonable when it may affect an appeal by:

> (a) directly prejudicing the position of a party by allowing an
> intermediate change of conditions or otherwise resulting in inequity; or
> (b) causing the appeal to be stale, such as, by delaying just disposition

---

[6] *HTTP Hypothermia Therapy*, 330 Ga. App. at 860 (punctuation omitted); *accord Kelly v. Dawson Cty.*, 282 Ga. 189, 189 (646 SE2d 53) (2007); *In re T.H.*, 311 Ga. App. 641, 643 (716 SE2d 724) (2011); *Adams v. Hebert*, 279 Ga. App. 158, 159 (630 SE2d 652) (2006).

[7] *HTTP Hypothermia Therapy*, 330 Ga. App. at 859-60 (punctuation omitted); *accord Pistacchio v. Frasso,* 314 Ga. App. 119, 121 (723 SE2d 322) (2012); *Am. Nat. Prop. & Cas. Co. v. Potts*, 243 Ga. App. 645, 646 (534 SE2d 123) (2000); *see Propst*, 288 Ga. at 863 ("OCGA § 5–6–48(c) requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, and then to exercise discretion in deciding whether to dismiss the appeal."); *Sellers v. Nodvin*, 262 Ga. 205, 206 (1) (b) (415 SE2d 908) (1992) ("The threshold question whether the delay was unreasonable refers principally to the length and effect of the delay." (punctuation omitted)).

7

of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.[8]

Indeed, we have repeatedly recognized that "justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed."[9]

On appeal, rather than arguing that its conduct did not constitute an unreasonable and inexcusable delay in filing a transcript of the September 30, 2015 hearing, the Estate argues that the trial court erred by dismissing the appeal without making certain "necessary findings" regarding the delay. In relevant part, the Supreme Court of Georgia has emphasized that OCGA § 5-6-48 (c) "requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable" *before*

---

[8] *HTTP Hypothermia Therapy*, 330 Ga. App. at 860 (punctuation omitted); *accord Mercer v. Munn*, 321 Ga. App. 723, 726 (1) (742 SE2d 747) (2013); *Pistacchio,* 314 Ga. App. at 121-22; *Vaughn v. Faulkner*, 288 Ga. App. 798, 798-99 (655 SE2d 686) (2007); *Adams*, 279 Ga. App. at 159.

[9] *HTTP Hypothermia Therapy*, 330 Ga. App. at 860 (punctuation omitted); *accord Ashley v. JP Morgan Chase Bank, N.A.*, 327 Ga. App. 232, 237 (1) (758 SE2d 135) (2014); *Mercer*, 321 Ga. App. at 727 (1); *Bush*, 311 Ga. App. at 332 (a); *Morrell v. W. Servs., LLC*, 291 Ga. App. 369, 374 (2) (662 SE2d 215) (2008); *Adams*, 279 Ga. App. at 159.

exercising its discretion in "deciding whether to dismiss the appeal."[10] And when there is no indication in the record that a trial court made such determinations, we must vacate the dismissal order and remand the case with direction that the requisite findings of fact be entered.[11]

Here, to support its claim that the trial court erred by dismissing its appeal without making the requisite findings of fact, the Estate relies solely on cases in which the trial court essentially ruled on a motion to dismiss in a summary order

---

[10] *Propst*, 288 Ga. at 863; *accord Grant*, 310 Ga. App. at 485; *see Baker v. S. Ry. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990) ("[T]he trial court has discretion to dismiss an appeal for failure to timely file a transcript *only if* 1) the delay in filing was unreasonable; 2) the failure to timely file was inexcusable in that it was caused by some act of the party responsible for filing the transcript." (punctuation omitted) (emphasis supplied)); *Gruner v. Thacker*, 320 Ga. App. 146, 148 (1) (739 SE2d 440) (2013) ("OCGA § 5–6–48(c) requires the trial court to determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable, *and then* to exercise discretion in deciding whether to dismiss the appeal" (punctuation omitted) (emphasis supplied)).

[11] *See Grant*, 310 Ga. App. at 485-86 (vacating the trial court's order dismissing an appeal when there was nothing in the record to show that the trial court engaged in the analysis required by OCGA § 5-6-48 (c) and remanding the case with direction that findings of fact be issued); *Rogers v. Norris*, 262 Ga. App. 857, 857-58 (1) (586 SE2d 747) (2003) ("Failure to make [findings of fact] mandates that we vacate the order dismissing the appeal and remand the case with the direction that findings of fact be entered on these issues."); *Crenshaw v. Ga. Underwriting Ass'n*, 202 Ga. App. 610, 611 (1) (414 SE2d 915) (1992) (reversing and remanding the denial of a motion to dismiss an appeal when the trial court failed to make findings of fact, and instead, ruled on the motion "without elaboration").

9

without any findings of fact or further elaboration.[12] But in this case, although the trial court's order does not use the words "unreasonable" or "inexcusable," the court made sufficient findings of fact to demonstrate that it considered the relevant factors delineated in OCGA § 5-6-48 (c). And Georgia courts have affirmed dismissal orders under such circumstances, even when the trial court did not use the specific

---

[12] *See Postell v. Alfa Ins. Corp.*, 327 Ga. App. 194, 196 (757 SE2d 661) (2014) (vacating a trial court's order that "summarily dismissed the notice of appeal" and remanding for the trial court to make factual findings as to its basis for the dismissal); *Rogers*, 262 Ga. App. at 857 (1) (vacating a trial court's dismissal of an appeal and remanding the case when "[t]he trial court simply granted the motion without elaboration and failed to make the necessary findings as to whether the delay was unreasonable, inexcusable, and caused by [the appellant]"); *Wood v. Notte*, 238 Ga. App. 748, 749 (1) (519 SE2d 923) (1999) (reversing the trial court's dismissal order and remanding the case for the trial court to make factual findings when the order "merely granted the motion to dismiss" without making findings as to the reasonableness and excusability of the delay as well as on the issue of causation).

terminology outlined in the statute.[13] To do otherwise would be to elevate form over substance, and that is not something OCGA § 5-6-48 (c) requires.

Specifically, the trial court's dismissal order first noted that the September 30, 2015 hearing was not taken down by a certified court reporter, but the Estate's attorney recorded a portion of it with a smart phone. The court further found that, in its notice of appeal filed on October 9, 2015, the Estate indicated that "[a] transcript of evidence will be filed for inclusion in the record on appeal," but as of February 10, 2016 (the date of the dismissal order), the parties had not agreed to reconstruct a transcript nor had the Estate provided the court or the Garners with a recording of the hearing or a complete certified transcript of the hearing. In light of the foregoing, the

---

[13] *See Mitchell*, 285 Ga. at 577 (2) (holding that the trial court made sufficient findings of fact to support its dismissal of an appeal when the order set forth the circumstances surrounding the appealing party's 16-month delay in paying court costs and the appellee had moved to dismiss the appeal based on an inexcusable delay caused by the appellant's failure to pay costs); *Cooper v. State*, 235 Ga. App. 66, 67 (2) (508 SE2d 447) (1998) (holding that "[a]lthough OCGA § 5-6-48 (c) sets forth the conditions upon which the trial court may dismiss an appeal for delay, it does not by its terms *require* the court to make a formal recitation of those conditions in its order," and affirming a trial court's dismissal order, which found that the delay was unreasonable but had no express finding that the delay was inexcusable (punctuation omitted)); *A. Roberts Corp. v. Roberts*, 207 Ga. App. 663, 664 (428 SE2d 671) (1993) ("Although the trial court did not use the specific terminology delineated in [OCGA § 5-6-48 (c)], the trial court's order indicate[d] that the court considered those factors in concluding that the dismissal of the appellants' appeal was proper.").

11

court found that it was authorized to dismiss the Estate's appeal under *Teston v. Mills*,[14] a case in which this Court set forth the factors to be considered under OCGA § 5-6-48 (c) and affirmed the trial court's dismissal of an appeal when, as here, the delay was directly attributable to the appellant's designation in his notice of appeal

---

[14] 203 Ga. App. 20 (416 SE2d 133) (1992).

12

that a nonexistent transcript would be filed for inclusion in the record on appeal.[15] We

agree with the trial court that *Teston* is controlling in the case *sub judice*.

In sum, given the trial court's factual findings regarding the Estate's failure to

file a nonexistent transcript, and the court's express reliance on *Teston*, which

detailed the required factual findings under OCGA § 5-6-48 (c) and was decided

[15] *See id*. at 20. We note that Georgia courts have repeatedly affirmed dismissal orders that were issued due to the appellant's designation in the notice of appeal that a nonexistent transcript would be included in the appellate record. *See, e.g.*, *HTTP Hypothermia Therapy* , 330 Ga. App. at 861 (2) (affirming the trial court's dismissal of an appeal when the appellant's inadvertent reference to a nonexistent transcript in its notice of appeal resulted in a 15-month delay between when the notice of appeal was filed and when the case was dismissed and holding that the delay was unreasonable, inexcusable, and caused by the appellant); *Pirkle v. Bell*, 270 Ga. 438, 438 (510 SE2d 814) (1999) (affirming the trial court's dismissal of an appeal when three-month delay was caused by appellant's designation in the notice of appeal that a nonexistent transcript would be included in the record and on appellant's failure to check on the status of the appeal); *Lindstrom v. Forsyth Cty.*, 221 Ga. App. 581, 582 (472 SE2d 106) (1996) (affirming dismissal of an appeal when two-month delay was caused by a mistaken designation in the notice of appeal that a nonexistent transcript would be included in the record and appellant made no efforts to expedite the appeal); *Devins v. Leafmore Forest Condo. Ass'n of Owners*, 213 Ga. App. 823, 823 (446 SE2d 531) (1994) (affirming the trial court's dismissal of an appeal when appellant caused a delay in the docketing of the appeal by mistakenly designating a nonexistent transcript as part of the record and by failing to take any steps to expedite the appeal); *Johnston v. Ga. Pub. Serv. Comm'n*, 209 Ga. App. 224, 225 (433 SE2d 65) (1993) (affirming dismissal of an appeal when the sole reason for the delay in transmitting the record to this Court was appellant's inadvertent designation that a nonexistent transcript would be included in the record on appeal and the earliest inquiry about the status of the appeal was not made until "several months" after the notice of appeal was filed).

13

based on circumstances nearly identical to this case, the court provided sufficient findings of fact to show that it considered the factors set forth in that statute (*i.e.*, the length of the delay, the reasons for the delay, whether the Estate caused the delay, and whether the delay was inexcusable)[16], even though the court's order did not expressly use the language delineated in OCGA § 5-6-48.[17]

2. The Estate also argues that the trial court's valuation of the supersedeas collateral in the underlying final judgment was erroneous. But regardless of our holding in Division 1 *supra*, any challenge to the trial court's underlying judgment regarding the Garners' specific-performance claim is not properly before this Court because that judgment is not the subject of this appeal.

For all of the foregoing reasons, we affirm the trial court's dismissal of the Estate's appeal from the court's final judgment on the Garners' claim for specific performance.

*Judgment affirmed. Reese and Bethel, JJ., concur.*

---

[16] *See supra* note 10 & accompanying text.

[17] *See supra* notes 13 and 15.