**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 30, 2022**

# In the Court of Appeals of Georgia

A22A0454, A22A0464, A22A0465, A22A0569, A22A0570, A22A0571. FULTON COUNTY BOARD OF TAX ASSESSORS v. TECHNOLOGY SQUARE, LLC.

PINSON, Judge.

A county tax board appealed a trial court's orders concluding that certain property was tax exempt. But the board then neglected to file a required hearing transcript until months after the statutory deadline. See OCGA § 5-6-42. The trial court granted the taxpayer's motion to dismiss based on that delay, see OCGA § 5-6-48 (c), and the board appealed that dismissal. But whether the board's delay is counted as five months or only 61 days past the deadline, that delay was much longer than the 30 days after which a transcript-filing delay is presumed unreasonable, and the board offered no evidence to rebut that presumption. The trial court therefore did not abuse its discretion in dismissing the appeals.

Background

*(a) Underlying Tax Dispute*

Since 2001, Technology Square, LLC, and its predecessor in interest have leased a parcel of property to the Board of Regents of the University System of Georgia for the use and benefit of the Georgia Institute of Technology. For most of that time, the entire parcel was exempt from property taxes. But in 2017, an appraiser from the Fulton County Board of Tax Assessors inquired into the property's tax-exempt status, conducted a field examination, and found that three for-profit businesses—a book store and two restaurants—were operating on the ground floor of the property. The Tax Board then carved out the three for-profit businesses as new property parcels and assessed property taxes on them for tax years 2015 and 2016. Tech Square challenged the Tax Board's assessment, and the question was litigated through administrative appeal channels to the trial court. On November 15, 2019, the trial court denied the Tax Board's motion for summary judgment and concluded as a matter of law that the new parcels were not taxable.

*(b) Delay in Filing the Transcript*

On December 13, 2019, the Tax Board filed a timely notice of appeal. The notice of appeal requested that "[t]ranscripts of evidence and proceedings shall be

2

filed for inclusion in the record." By statute, the Tax Board then had until January 13, 2020, to prepare and file the transcript of the summary judgment hearing for transmission to this Court as part of the record on appeal (or to ask for an extension). See OCGA § 5-6-42 ("[t]he party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal . . . unless the time is extended"). But that deadline passed, and the Tax Board neither filed the transcript nor sought an extension.

On March 14, 2020, 61 days after the transcript-filing deadline, the Tax Board still had not filed a transcript. At that time, the Chief Justice of the Supreme Court of Georgia, responding to the emerging COVID-19 pandemic, declared a statewide judicial emergency under OCGA § 38-3-61. See Supreme Court of Georgia, Order Declaring Statewide Judicial Emergency (March 14, 2020), available at www.gasupreme.us/court-information/court_corona_info/. Among other things, the order "grant[ed] relief from any deadlines or other time schedules or filing requirements." Id. at 2.[1]

---

[1] See *Harper v. State*, 310 Ga. 679, 679 n.1 (853 SE2d 645) (2021) (recognizing that "on March 14, 2020, in response to the COVID-19 pandemic, Chief Justice Melton issued an Order Declaring Statewide Judicial Emergency" that tolled deadlines).

Two months later, and 122 days after the transcript-filing deadline, Tech Square moved to dismiss the Tax Board's appeal because the Tax Board still had not filed the hearing transcript. See OCGA § 5-6-48 (c) (providing that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by" the party responsible for filing the transcript).

On June 19, 2020, more than five months after the deadline, the Tax Board filed the transcript with the trial court.

*(c) Proceedings on the Motion to Dismiss*

After the Tax Board filed the transcript, the trial court initially denied Tech Square's motion to dismiss based on the filing delay. At a hearing on the motion, neither party introduced witnesses or documentary evidence, but the Tax Board admitted that "human error" was to blame for the delay in filing the transcript. The trial court found that the delay was not unreasonable because "(1) [Tech Square] has not been directly prejudiced as there have been no change of conditions or inequity as a result; and (2) it has not caused the appeal to be stale." The court noted that both parties' positions were the same as when the action was initially filed. And the court

4

reasoned that, because of the judicial emergency, it was "unknown" when the appeal would have been docketed even if the Tax Board had timely filed the transcript. Therefore, the court concluded, "Although the filing of the transcript was delayed for sixty (60) days," any effect of that delay was "mooted" by the statewide judicial emergency.

Tech Square appealed the denial of its motion to dismiss. Around the same time, this Court also docketed the Tax Board's original merits appeals of the trial court's order declaring that the three property parcels were tax exempt. We considered all four cases together in *Fulton Cnty. Board of Tax Assessors v. Technology Square, LLC*, 359 Ga. App. 837 (860 SE2d 133) (2021) ("*Tech Square I*"). In that decision, we vacated the denial of the motion to dismiss and we remanded the case to the trial court with direction to enter an order with "requisite findings of fact" as to whether the delay was reasonable and excusable. *Tech Square I*, 359 Ga. App. at 840 (1), 844 (1) (d). We did not reach the claims of error in the merits appeal, and we therefore remanded those cases as well. Id. at 845 (2).

Before we began our analysis in *Tech Square I*, we observed that Tech Square was challenging the delay that occurred during "the time span that began on January 13, 2020 . . . and that ended on March 14, 2020"—that is, from the expiration

5

of the statutory deadline until the beginning of the judicial emergency. *Tech Square I*, 359 Ga. App. at 839 (1) & n.4. Our analysis thus described a delay of 61 days, even though five months passed before the Tax Board filed the transcript.

Our opinion in *Tech Square I* addressed each of the trial court's findings. As to the finding that Tech Square was not prejudiced because the parties' positions had not changed, we explained that "the mere fact that the opposing sides maintain their respective positions . . . does not alone answer" whether the delay prejudiced either party. *Tech Square I*, 359 Ga. App. at 841 (1) (a) (i). And as to the finding that the appeal had not become stale because the docketing timeline was "unknown," we reasoned that the trial court "failed to address or to make any findings as to the extent to which the preceding 61-day delay [before the judicial emergency] may have caused the appeal to be stale." Id. at 842 (1) (a) (ii) (citation and punctuation omitted). We also cautioned that "[s]peculation in that regard is not a viable substitute for such findings." Id. (citation and punctuation omitted). With respect to both findings, we concluded that the trial court neither engaged in the proper analysis nor set out supporting findings of fact. Id at 841-42 (1) (a) (i) & (ii). Our remand directed the trial court to undertake that analysis and fact finding. Id. at 844 (1) (d).

On remand after *Tech Square I*, the trial court held a second hearing on Tech Square's motion to dismiss. The Tax Board submitted "no additional evidence" about its delay in filing the transcript. The trial court therefore reviewed the few facts already in the record:

> The transcript was filed more than five (5) months after it was due; the reasons for the delay given at each hearing was "inadvertent error"; and [the Tax Board] caused the delay . . . . [The Tax Board] speculates that the delay caused by its failure to timely file the transcript would not have prejudiced [Tech Square] because of, among other reasons, COVID.

Based on those facts, the trial court granted the motion to dismiss.

The Tax Board appealed the dismissal order. That appeal was docketed as Case Nos. A22A0569, A22A0570, and A22A0571. At the same time, the Tax Board's merits appeals were re-docketed as Case Nos. A22A0454, A22A0464, and A22A0465. All six appeals are now before us.

7

Discussion

*Case Number A22A0569. Fulton County Board of Tax Assessors v. Technology Square, LLC Parcel No. 14-0080-0007-029-6.*

*Case Number A22A0570. Fulton County Board of Tax Assessors v. Technology Square, LLC Parcel No. 14-0080-0007-027-0 et al.*

*Case Number A22A0571. Fulton County Board of Tax Assessors v. Technology Square, LLC Parcel No. 14-0080-0007-027-0 et al.*

1. We address first the trial court's dismissal of the Tax Board's appeals for failure to timely file a transcript. We review that decision for abuse of discretion. *Kelly v. Dawson Cnty.*, 282 Ga. 189, 189 (646 SE2d 53) (2007).

Under OCGA § 5-6-48 (c), a trial court may dismiss an appeal "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by" the party responsible for filing the transcript. The question whether such a delay is "unreasonable" "refers principally to the length and effect of the delay." *Tech Square I*, 359 Ga. App. at 840 (1) (a) (citation omitted). With respect to the length of the delay, we have repeatedly recognized that "justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed." *SDM Investments Grp., LLC v. HBN Media, Inc.*, 358 Ga. App. 421, 425 (1) (853

8

SE2d 688) (2021); see also *Callaway v. Garner*, 340 Ga. App. 176, 179 (1) (796 SE2d 906) (2017); *HTTP Hypothermia Therapy v. Kimberly-Clark Corp.*, 330 Ga. App. 857, 860 (1) (768 SE2d 542) (2015). That said, a delay of more than 30 days is presumed "unreasonable and inexcusable," and that presumption may be rebutted with evidence showing otherwise. *Kelly*, 282 Ga. at 189. Accord *Callaway*, 340 Ga. App. at 179 (1). In other words, if the delay in filing the transcript exceeds 30 days, the burden shifts to the appellant to show with evidence why the delay was reasonable or excusable.

Here, the Tax Board failed to meet that burden. The Board conceded below that "human error" caused the delay. And the Tax Board introduced no evidence at all at the two hearings on the motion to dismiss, much less non-speculative evidence showing why the delay was reasonable or excusable. It was therefore well within the trial court's discretion to dismiss the appeal under OCGA § 5-6-48 (c). See *Kelly*, 282 Ga. at 189-90 (affirming dismissal under OCGA § 5-6-48 (c) after four-day delay in filing transcript and 74-day delay in filing copies of exhibits); *Callaway*, 340 Ga. App. at 181-82 (1) (affirming dismissal under OCGA § 5-6-48 (c) when appellant had not filed transcript three months after the deadline); see also *SDM Investments*, 358 Ga. App. at 425-29 (1) (holding that trial court abused its discretion in denying

motion to dismiss under OCGA § 5-6-48 (c) when appellant waited seven months after filing first notice of appeal to inform court that transcript was not necessary for appeal).

Rather than providing an evidence-based reason or excuse for the delay, the Tax Board quibbles with the trial court's description of the delay. The Board points out that the trial court stated that "[t]he transcript was filed more than five (5) months after it was due," but that the delay had only reached 61 days before the judicial emergency began, which tolled all deadlines. For that reason, the Board contends that the trial court should have considered whether a 61-day delay was unreasonable, not whether a five-month delay was, and that this was a "threshold" error that requires reversal.

We are not persuaded. For starters, it is not clear that 61 days was the appropriate length to consider. The trial court's order described the delay accurately: the transcript was in fact filed five months after the statutory deadline. And although the latter three months of that five-month delay rolled past during the judicial emergency, the Tax Board's deadline had long passed by the time that emergency was declared and deadlines were tolled. Neither the emergency order's text nor any authority we are aware of suggests that the order "tolled" deadlines that had *already*

10

*passed* by the time the emergency began. Finally, we did not make a 61-day delay the law of the case, as the Tax Board contends. Only "actual decisions" can make law of the case, *Woodrum v. Ga. Farm Bureau Mut. Ins. Co.*, 360 Ga. App. 126, 129 (1) (860 SE2d 900) (2021), and although we adopted Tech Square's description of the delay as 61 days in *Tech Square I*, we neither considered nor decided the correct length of the delay in that appeal. *Tech Square I*, 359 Ga. App. at 839 & n.4 (1).

But put all of that aside. Even assuming the trial court should have considered only whether the first 61 days of the Board's delay was unreasonable, the Board is still left with its original problem: any delay past 30 days is presumptively unreasonable and inexcusable, and the Board offered no evidence to rebut that presumption for a delay of any length. See *Kelly*, 282 Ga. at 189. Put another way, the Board put no evidence in the record from which the trial court could have concluded that a 61-day delay was reasonable and excusable. So the Board's dispute about the length of the delay is not a basis for reversing the trial court's order. See *Franzen v. Downtown Dev. Auth. of Atlanta*, 309 Ga. 411, 422 (3) (c) (845 SE2d 539) (2020) (finding "no need to remand" to the trial court where there was a "clear statement of the trial court's reasoning" and a "sufficient basis . . . [to] assess that conclusion").

11

*Case Number A22A0454. Fulton County Board of Tax Assessors v. Technology Square, LLC Parcel No. 14-0080-0007-027-0 et al.*

*Case Number A22A0464. Fulton County Board of Tax Assessors v. Technology Square, LLC Parcel No. 14-0080-0007-027-0 et al.*

*Case Number A22A0465. Fulton County Board of Tax Assessors v. Technology Square, LLC Parcel No. 14-0080-0007-029-6.*

2. Because we affirm the trial court's dismissal of the Tax Board's appeals in Division 1, the appeals docketed as Case Nos. A22A0454, A22A0464, and A22A0465 are dismissed.

*Judgment affirmed in Case Nos. A22A0569, A22A0570, and A22A0571. Case Nos. A22A0454, A22A0464, and A22A0465 dismissed. McFadden, P. J., and Gobeil, J., concur.*