## S07A0506. KELLY v. DAWSON COUNTY et al.

### (646 SE2d 53)

BENHAM, Justice.

This appeal is from the trial court's order dismissing an appeal pursuant to OCGA § 5-6-48 (c) for delay in filing a transcript. Appellant Linda Moore Kelly filed a timely notice of appeal after an adverse judgment in a quia timet action she had instituted to establish her ownership of certain property. When no transcript had been filed within 30 days as required by OCGA § 5-6-42, two of the appellees filed a motion to dismiss. After a hearing, the trial court entered an order finding the four-day delay in causing a transcript to be filed and the seventy-four-day delay in filing copies of exhibits for transmission with the record to be unreasonable and inexcusable and caused by Kelly.

"Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed ... within 30 days after filing of the notice of appeal. . . ." OCGA § 5-6-42. "[T]he trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." OCGA § 5-6-48 (c). "[A] delay in excess of 30 days is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." *Brandenburg v. All-Fleet Refinishing, Inc.*, 252 Ga. App. 40, 44 (555 SE2d 508) (2001). "In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, [an appellate] court will not disturb the lower court's finding absent an abuse of discretion. [Cit.]" Id.

The trial court's order dismissing the appeal noted that Kelly bore the responsibility for timely filing the transcript and exhibits, that counsel for Kelly knew of a potential difficulty in timely filing the transcript but did not seek an extension, and that counsel filed the transcript four days late. The longer delay was in filing exhibits, regarding which the trial court found the delay "unreasonably postponed resolution of this action" and was inexcusable due to the "prejudicial effect on the other parties." Finally, the trial court found that Kelly had failed to demonstrate the delay she caused was not unreasonable and inexcusable.

On appeal, Kelly contends there was no actual delay in filing the exhibits because the originals of the exhibits were already on file. The record shows, however, that Kelly's counsel was informed upon filing the notice of appeal that he had the responsibility for duplicating the exhibits because the clerk's office did not have that capability and the originals of the exhibits would have to be retained by the clerk's office.

Kelly also seeks to shift responsibility for the tardiness in filing the transcript by asserting it had been sent to the wrong attorney, but did not establish on the record how that error prevented the timely filing, especially in light of the fact her counsel was on record as being aware of the alleged misdirection of the original transcript shortly after filing the notice of appeal. The record, therefore, supports the trial court's finding that Kelly caused the tardy filing and that Kelly had not rebutted the presumption that the delay was unreasonable and inexcusable. Under those circumstances, we find no abuse of discretion in the trial court's dismissal of the appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 14, 2007 —
RECONSIDERATION DENIED JUNE 25, 2007.

*Cummings, Kelley & Bishop, Thomas S. Bishop*, for appellant.
*Fox, Chandler, Homans, Hicks & McKinnon, Joseph A. Homans, Miles, McGoff & Moore, Dana B. Miles, Kevin J. Tallant*, for appellees.