### A11A1905. ACCC INSURANCE COMPANY v. PIZZA HUT OF AMERICA, INC.
(725 SE2d 767)

BLACKWELL, Judge.

Pizza Hut of America, Inc. filed a petition in Cobb County against ACCC Insurance Company,[1] seeking a declaratory judgment that Pizza Hut is an additional insured under a policy of automobile insurance that ACCC Insurance previously had issued to a Pizza Hut employee. The court below awarded summary judgment to Pizza Hut, and ACCC Insurance took an appeal from the entry of summary judgment. A transcript that was designated to be included in the record on appeal, however, apparently was not filed for another six months, and on the motion of Pizza Hut, the court below dismissed the appeal under OCGA § 5-6-48 (c) for unreasonable and inexcusable delay in the filing of the transcript. ACCC Insurance now appeals from the dismissal of its appeal, but because we cannot conclude that the court below abused its discretion, we must affirm.

On October 10, 2008, ACCC Insurance timely filed a notice of appeal from the entry of summary judgment for Pizza Hut on its petition for declaratory judgment. In this notice of appeal, ACCC Insurance designated the entire record, including all transcripts, as the record on appeal. About four months later, a lawyer for ACCC Insurance telephoned the civil appeals clerk and asked about the preparation of the record on appeal. The clerk responded that she had been on maternity leave when the notice of appeal was filed in

---

[1] ACCC Insurance formerly was known as American Century Casualty Company.

October 2008, and she had not yet prepared an estimated bill of costs for the preparation of the record. The lawyer received the bill of costs on February 10, 2009, and ACCC Insurance paid it two weeks later.

The bill of costs indicated that no transcript had been filed of the hearing on the motion for summary judgment. The law firm representing ACCC Insurance then contacted the court reporter and asked her to prepare a transcript of that hearing on an expedited basis. The court reporter replied that she could not expedite the preparation of this transcript because she already had other transcripts, 3,000 pages in all, to prepare before she could turn to this request. The court reporter also said that, if only ACCC Insurance had made its request a couple of months earlier, "I had no transcript orders [then] and could have done it probably the same day."

On February 25, 2009, ACCC Insurance filed a motion for an extension of the time for the preparation and filing of the hearing transcript, and although the motion was untimely, OCGA § 5-6-39 (d), the court below granted it, extending the time to file the transcript until April 11. Two days after ACCC Insurance asked for an extension of time, Pizza Hut moved to dismiss the appeal.[2] Attached to this motion to dismiss were two exhibits, which reflected the communications between the law firm representing ACCC Insurance and the court reporter about the preparation of the transcript of the hearing on the motion for summary judgment. ACCC Insurance responded in writing to the motion to dismiss the appeal, and attached to its response were several affidavits and exhibits, further detailing the efforts of ACCC Insurance to secure the preparation of the transcript beginning in February 2009.

The transcript finally was filed with the clerk on April 8, 2009. About a week later, the court below heard the motion to dismiss the appeal.[3] Lawyers for ACCC Insurance and Pizza Hut argued the motion, but no witness testified at the hearing, and no evidence was submitted to supplement the several affidavits and exhibits that the parties previously had submitted. ACCC Insurance argued, among other things, that the clerk could not have prepared the record any sooner than she did, and the delay in filing the transcript did not, therefore, cause any delay in the transmission of the record. When

---

[2] A few days after Pizza Hut moved to dismiss the appeal, ACCC Insurance amended its notice of appeal and designated for the first time that transcripts be omitted from the record on appeal. Fifteen days later, Pizza Hut timely filed its own designation of the record on appeal pursuant to OCGA § 5-6-42, insisting that a transcript of the hearing on the motion for summary judgment be included.

[3] When the court below heard arguments on the motion to dismiss the appeal, it appears that the record on appeal still had not been prepared by the clerk, ostensibly because, as the lawyer for ACCC Insurance suggested at the hearing, the clerk was awaiting a decision on the motion to dismiss.

the lawyer for ACCC Insurance represented that the clerk was behind in her preparation of records for appeals because she had only recently returned from maternity leave, the court inquired whether there was "some affidavit showing that[.]" The lawyer said that he thought the clerk had "submitted something to the Court[,]" but the lawyer was unable to answer a question from the court about the dates that the clerk had taken maternity leave. During the course of the hearing, the judge also asked whether the clerk was available "to testify today so that we can find out about why [the record] was delayed," and the judge helpfully suggested that "I think I need to hear from the Clerk's Office." No witness from the clerk's office appeared, however, to testify. The court below subsequently entered an order dismissing the appeal.

"Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed . . . within 30 days after filing of the notice of appeal . . . ." OCGA § 5-6-42. In relevant part, OCGA § 5-6-48 (c) provides that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." Thus, "[t]he party seeking dismissal for failure to file a transcript must show that the delay was unreasonable, inexcusable, and caused by the appellants themselves." *Dye v. U. S. Bank Nat. Assn.*, 273 Ga. App. 652, 653 (616 SE2d 476) (2005) (citations omitted).

Our Supreme Court has said that a delay of more than 30 days in filing a transcript is presumptively unreasonable and inexcusable, but that presumption may be rebutted "if the [appellant] comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." *Kelly v. Dawson County*, 282 Ga. 189 (646 SE2d 53) (2007) (citation and punctuation omitted). See *PJ Svcs. v. Equity Technologies Assocs.*, 295 Ga. App. 214, 216 (671 SE2d 264) (2008) (accord). We review the decision of a trial court to dismiss an appeal under OCGA § 5-6-48 (c) for abuse of discretion. *Rois-Mendez v. Stamps*, 312 Ga. App. 136, 137 (717 SE2d 718) (2011). We find no abuse of that discretion here.

The court below concluded, consistent with the evidence, that ACCC Insurance did nothing from October 10, 2008, when it filed its notice of appeal, until February 4, 2009, when it contacted the appeals division of the clerk's office, to comply with its obligation to obtain the transcript that it had designated as part of the record on appeal. The court also found that the delay between November 9, 2008, which is 30 days after the filing of the notice of appeal, and February 4, 2009, was presumptively unreasonable and inexcusable

and that ACCC Insurance offered "no evidence with respect to this time period that would tend to rebut this presumption."

ACCC Insurance argues that the court nevertheless erred in dismissing its appeal because the transcript was filed within the extension that the court allowed. See OCGA § 5-6-42 (transcript to be filed within 30 days of filing of notice of appeal "unless the time is extended as provided in Code Section 5-6-39"). Although OCGA § 5-6-39 (a) (3) authorizes a trial court to extend the time for filing transcripts of the evidence and proceedings on appeal, OCGA § 5-6-39 (d) requires that an appellant make a request for an extension *"before expiration* of the period for filing as originally prescribed or as extended by a permissible previous order." (Emphasis supplied.) Since ACCC Insurance only applied for an extension months after the initial filing period had expired, the order granting the extension was "nugatory and void." *Almond v. Robertson*, 138 Ga. App. 22, 23 (225 SE2d 486) (1976) (citation omitted).

ACCC Insurance further contends that the delay in filing the transcript was not unreasonable because it did not actually delay the docketing of the appeal.[4] Whether a delay is inexcusable, and whether it is unreasonable, are separate and distinct questions. See *Crown Diamond Co. v. N. Y. Diamond Corp.*, 242 Ga. App. 674, 677 (3) (530 SE2d 800) (2000). We have said before that "[a]n unreasonable delay is one that (1) causes the appeal to be stale by delaying the docketing of the appeal or (2) directly prejudices the position of a party by allowing an intermediate change of condition."[5] *Griffis v. Branch Banking & Trust Co.*, 268 Ga. App. 588, 590 (1) (602 SE2d 307) (2004). As we have explained, "the demand for punctuality should not be so strict as to defeat the very purpose of the requirement by preventing an appeal altogether, unless the delay is unreasonable so as to affect the appeal itself." *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 21-22 (1) (363 SE2d 265) (1987). See *Sellers v. Nodvin*, 262 Ga. 205, 207 (1) (b) (415 SE2d 908) (1992) (accord).

To support its contention that the delay in filing the hearing transcript was not unreasonable, ACCC Insurance maintains that the preparation of the record on appeal in this case inevitably would have been delayed significantly, "which had to do with a maternity leave within the trial court's appeals division," and any delay,

---

[4] ACCC Insurance also contends that, by amending its notice of appeal to withdraw its request for the transcript, it ensured that there was no delay in preparing the record. But ACCC Insurance only amended the notice of appeal on March 3, 2009, approximately five months after the notice of appeal was filed on October 10, 2008, and so its amendment does not alter our analysis of whether the delay in filing the transcript was unreasonable.

[5] No prejudice to Pizza Hut's position by allowing an intermediate change of condition is suggested by the parties.

therefore, is not due to any failure to timely file the hearing transcript. The evidence does not show, however, to what extent the maternity leave impaired the ability of the clerk to promptly prepare records on appeal. Despite the inquiries of the judge at the hearing on the motion to dismiss, neither party came forward with any affidavits or testimony from the clerk or her staff that shed light on the dates of the maternity leave and whether, as ACCC Insurance contends, the clerk would not have prepared the record on appeal any sooner in any event.[6]

What the evidence does show is that ACCC Insurance did nothing from the time the notice of appeal was filed until approximately four months later even to cause the transcript to be prepared, much less filed, and the transcript was not filed until about five months after it should have been. Compare *Galletta*, 185 Ga. App. at 22 (11-day delay in filing transcript was not an unreasonable delay) with *Van Diviere v. Delta Airlines*, 204 Ga. App. 573 (420 SE2d 27) (1992) ("the record shows . . . that the transcript had not yet been filed 119 days after the expiration of the deadline, which 'obviously . . . delayed the docketing necessarily' ") (citation omitted). Further, as noted above, since OCGA § 5-6-43 (a) requires the clerk of the trial court to transmit the record to this Court within five days of the receipt of the transcript, which it did not receive for months, a connection logically can be drawn between a delay in filing the transcript and a delay in transmission of the appellate record to this Court. See *Crown Diamond Co.*, 242 Ga. App. at 676-677 (2). Had this been a case in which the uncontradicted evidence showed that the delay in filing the transcript did not, in fact, delay the docketing of the appeal, the court below might not have been authorized to find that the delay in filing the transcript was unreasonable. See *Sellers*, 262 Ga. at 207-208 (2) (b) (delay in filing transcript not unreasonable where "uncontradicted evidence [which included testimony by the appeal clerk] at the hearing was that the delay in filing the transcript did not delay transmission of the record to the Court of Appeals") (footnote omitted); *Griffis*, 268 Ga. App. at 590 (evidence showed

---

[6] As ACCC Insurance points out, the deputy clerk attached a certificate to the record on this appeal that the delay in the transmission of the record was "due to the stress of business" and not due to any fault by any lawyer for ACCC Insurance. Under OCGA § 5-6-43 (a), the clerk of the trial court must transmit the record to this Court within five days of the filing of the transcript of the "evidence and proceedings," and "[i]f for any reason the clerk is unable to transmit the record and transcript within the time required in this subsection or when an extension of time was obtained under Code Section 5-6-39, he shall state in his certificate the cause of the delay and the appeal shall not be dismissed." The certificate of the deputy clerk is dated months after the court below dismissed the earlier appeal and could not have been considered by the court when it dismissed the earlier appeal. We do not, therefore, consider the certificate.

that clerk has a large backlog of appeals and was not waiting on the late filed transcript, and so evidence supported trial court's finding that delay was not unreasonable). But given the state of the record, especially the absence of any evidence from the clerk, the evidence supports the trial court's finding that ACCC Insurance "had not rebutted the presumption that the delay was unreasonable and inexcusable." *Kelly*, 282 Ga. at 190. We must conclude, therefore, the trial court did not abuse its discretion in dismissing the earlier appeal by ACCC Insurance. See id.; *Durden v. Griffin*, 270 Ga. 293, 294 (1) (509 SE2d 54) (1998) (where appellants did nothing to cause the transcript to be prepared until they faced a motion to dismiss, and the trial court refused to consider late-filed evidence as to the court reporter's heavy case load, dismissal of appeal was not abuse of trial court's discretion). Accordingly, we do not reach the merits of the dismissed appeal.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 10, 2012 —
RECONSIDERATION DENIED MARCH 9, 2012.

*Gray, Rust, St. Amand, Moffett & Brieske, Michael D. St. Amand,* for appellant.

*Carlock, Copeland & Stair, Scott D. Huray, Kenneth W. Brosnahan,* for appellee.