**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 29, 2018**

# In the Court of Appeals of Georgia

A18A1029. NORTHEAST GEORGIA MEDICAL CENTER, INC. et al. v. HEALTHSOUTH REHABILITATION HOSPITAL OF FORSYTH COUNTY, LLC.

A18A1030. GEORGIA DEPARTMENT OF COMMUNITY HEALTH v. HEALTHSOUTH REHABILITATION HOSPITAL OF FORSYTH COUNTY, LLC.

BROWN, Judge.

In these consolidated appeals, Georgia Department of Community Health (the "Department"), Northeast Georgia Medical Center, Inc., Gwinnett Hospital System, Inc. d/b/a Gwinnett Medical Center-Duluth, and WellStar North Fulton Hospitals, Inc. (the "Hospital Respondents," collectively the "appellants") appeal the trial court's dismissal of their appeals from the trial court's order reversing the Department's decision denying a certificate of need ("CON") to HealthSouth Rehabilitation Hospital of Forsyth County, LLC to build a 50-bed comprehensive

inpatient physical rehabilitation ("CIPR") hospital in Forsyth County. The appellants argue that the trial court abused its discretion in dismissing their appeals based on findings that the delay in filing the hearing transcript was unreasonable, inexcusable, and caused by the appellants. For the reasons set forth below, we affirm the trial court's order dismissing the appeals.

The record shows that on October 12, 2015, HealthSouth filed a petition for judicial review in the Forsyth County Superior Court of the Department's decision denying HealthSouth's application for a CON to build the CIPR. After the appellants moved to transfer venue, the case was transferred to the Fulton County Superior Court. Following a hearing on the petition on April 11, 2016,[1] the trial court remanded the case to the Department for it "to either make a ruling consistent with its precedent or to explain its change from precedent" on three issues. On June 29, 2016, the Department filed a response to the trial court's request for clarification, disagreeing with the trial court that it departed from precedent and explaining its reasoning with respect to each issue. On January 27, 2017, the trial court issued an order, granting HealthSouth's petition. The trial court found the Department's

---

[1] The record reflects that the Hospital Respondents all shared in the takedown cost of the hearing, and that shortly thereafter, the court reporter prepared a copy for HealthSouth at its request.

response regarding precedent deviation "unconvincing" and concluded that the Department "acted arbitrarily and capriciously in denying [HealthSouth] a CON."

On March 16, 2017, this Court granted the appellants' applications for discretionary review of the trial court's January 27, 2017 order. Four days later, counsel for Gwinnett Hospital System emailed the court reporter asking if she could please let him know "if anyone in this matter asked that the full transcripts [of the April 11, 2016 hearing] be prepared?" The court reporter responded, "I have a note that it's been done. Would you like a copy?"[2] That same day, counsel for Gwinnett Hospital System emailed counsel for the other three appellants as follows: "Good news. The Court Reporter believes that she prepared the transcripts, so unless there are any further changes, I will file the attached Notice tomorrow."[3]

---

[2] In its brief to this Court and during the motion to dismiss hearing, HealthSouth states that counsel for Gwinnett Hospital System responded via email on March 22, 2017, to the court reporter's email asking if he would like a copy as follows: "Yes please. Thank you." But, we have found nothing in the record to support this factual assertion, and the record cite in HealthSouth's brief fails to support it as well.

[3] In the motion to dismiss hearing, HealthSouth's attorney explained that following the April 11, 2016 hearing, he ordered a copy of the transcript for the purpose of preparing an order.

3

As contemplated, on March 23, 2017, the Hospital Respondents and the Department all filed their notices of appeal. In their joint notice of appeal, the Hospital Respondents, represented by six lawyers from three law firms, stated the following: "The Clerk will please transmit the entire record to the Court of Appeals along with the attached Order granting the discretionary appeal. The Hospital Respondents request that the *Court* also file the previously compiled transcript of the April 11, 2016 hearing and oral argument held before this Court for inclusion in the record on appeal." (Emphasis supplied.) The Department's notice of appeal provided, "[t]he Clerk shall omit nothing from the record on appeal. A transcript of evidence and proceedings will be filed for inclusion in the record on appeal."

Also on March 24, 2017, the Clerk sent a cost bill in the amount of $29.50 to counsel for Northeast Georgia Medical Center, by certified mail, return receipt requested.[4] Counsel did not receive the bill, averring that the Clerk mailed the bill to an incorrect address: "303 Peachtree Street, Suite 3600, Atlanta, Georgia 30303." The zip code for his law firm is 30308, not 30303.[5] Six days later, on March 29, 2017,

___

[4] There is no evidence in the record of the return receipt showing that counsel signed for the cost bill or that it was returned as undeliverable.

[5] Counsel did not learn of this cost bill until June 23, 2017. While a 30303 zip code is reflected on the actual cost bill, our review of the certified mail receipt

4

counsel for the Department received a cost bill, dated March 24, 2017, totaling $4,135.50, which included a line item charge of $35, designated as "Transcript Charges." The appellants agreed to split the total cost amongst themselves, and on April 20, 2017, counsel for the Department notified co-counsel that the cost bill had been paid in full.

On April 23, 2017, 30 days after the notices of appeal were filed, the transcript had not yet been filed and no party moved the trial court for an extension of time to file the transcript. On May 19, 57 days after the notices of appeal were filed, counsel for WellStar North Fulton Hospital called the Clerk's office for the first time to inquire as to the status of the appeal and was told that the transcript had not been filed. Counsel for WellStar emailed her colleagues advising as follows: "I just talked to the clerk's office and was told that no transcript had been filed yet. I was told that we should be notified when it is." Another month went by before counsel for WellStar called the Clerk's office on June 22, 2017, but was unable to speak with anyone. She called back on June 23, 2017, and was told that the transcript still had not been filed and that there was an outstanding cost bill for $29.50 associated with

_____

appears to list the correct zip code of 30308.

Northeast's notice of appeal.[6] On that same date, counsel also emailed the court reporter to inquire about the status of the transcript, but did not hear back. From July 5, 2017 to July 14, 2017, counsel made several attempts to contact the court reporter, including speaking to her supervisors. On July 14, 2017, the court reporter left two voicemails for counsel, the first stating, "'I'd swear that this is done and I thought I filed it. Let me take a look and I will call back and let you know,'" and the second stating that "she had looked into it and the cost of the transcript would be $200.83." In her affidavit, counsel explained that when she called back, the court reporter "indicated that we would need to pay her for a copy of the transcript for her to file it." On that same date, the court reporter emailed an invoice, which counsel paid via check on July 17, 2017. By July 28, 2017, counsel had not heard from the court reporter and left a voicemail asking for the status of the transcript.

On August 2, 2017, HealthSouth filed its motion to dismiss the appeals, on the ground that the appellants had not filed the transcript as required by OCGA § 5-6-42. On August 3, 2017, counsel for WellStar called the court reporter and was told that

---

[6] On June 26, 2017, counsel asked the Clerk to mail the outstanding cost bill to her attention. When counsel still had not received the cost bill by July 5, 2017, she contacted the Clerk's office and a copy was emailed to her. A check was drafted on June 30, 2017, and counsel paid the outstanding cost bill on July 6, 2017.

she had not received the check for the transcript. The court reporter advised that she had recently moved and was "having issues with her mail," but that she would file the transcript that day and work out payment later. On August 4, 2017, counsel received confirmation from the court reporter that the transcript had been filed. Counsel paid the court reporter over the phone with a credit card for the cost of the transcript. In her affidavit counsel affirmed that, "[d]espite paying the so-called copy charge, to date[, August 29, 2017,] I have not received a copy of the transcript from [the court reporter]." On August 8, 2017, the envelope with the check counsel sent to the court reporter on July 17, was returned as undeliverable.

Following a hearing on September 22, 2017, in which no witnesses testified, the trial court granted HealthSouth's motion to dismiss the appeals under OCGA § 5-6-48 (c), concluding that the delay in filing the transcript was unreasonable, inexcusable, and caused by the appellants. Specifically, the trial court ruled that the appellants

> failed to provide evidence to show that the delay [in filing the transcript] was not unreasonable[, and] that the 133 days that passed between the filing of the Notices of Appeal and the filing of the transcript was unreasonable. . . . The delay was also inexcusable and caused by [the appellants]. The record shows that [the appellants] did not direct the court reporter to file the transcript. Instead [the appellants] contend that

7

they relied on the court reporter's representation that the transcript had previously been prepared as evidence that she would file the transcript.

The trial court further found that the appellants failed to monitor the timely progress of the filing of the transcript; the appellants neither monitored the Clerk's website, nor did they contact the court reporter to ask about the status of the transcript until June 22, 2017, two months after the filing deadline had passed. This appeal followed.

The relevant statutory framework governing appellate practice and the filing of a transcript of the trial proceedings is as follows. OCGA § 5-6-37 requires that the notice of appeal shall state whether or not any transcript of evidence and proceedings is to be transmitted as part of the record on appeal. OCGA § 5-6-41 (c) provides that "where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense."

> OCGA § 5-6-42 elaborates on this duty, specifying that *the appellant* must file the transcript within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39. In turn, OCGA § 5-6-48 (c) governs the dismissal of appeals and provides that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay

8

in the filing of the transcript and it is shown that the delay was inexcusable and was caused by the appellant."

(Citation and punctuation omitted; emphasis supplied.) *Pistacchio v. Frasso*, 314 Ga. App. 119, 121 (723 SE2d 322) (2012). "Thus, the party seeking dismissal for failure to file a transcript must show that the delay was unreasonable, inexcusable, and caused by the appellants themselves." (Citation and punctuation omitted.) *ACCC Ins. Co. v. Pizza Hut of America*, 314 Ga. App. 655, 657 (725 SE2d 767) (2012). "Appellants are not accountable for delays caused by clerks of court or court reporters after the transcript has been ordered properly; appellants are held accountable only for delays that they cause." *Morrell v. Western Svcs.*, 291 Ga. App. 369, 373 (2) (662 SE2d 215) (2008). But, as this Court has repeatedly held, "the statutory duty to file timely a transcript does not rest with the court reporter; rather, the duty to order the transcript and to monitor timely the progress of the reporter's office in transcript preparation is vested upon the appropriate appealing party." *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 502 (2) (458 SE2d 377) (1995). See also *Ashley v. JP Morgan Chase Bank*, 327 Ga. App. 232, 236 (1) (758 SE2d 135) (2014); *In the Interest of D. M. C.*, 232 Ga. App. 466, 468 (2) (b), (c) (501 SE2d 305) (1998) (rejecting appellant's reliance on OCGA § 5-6-41 (e) where evidence showed counsel

9

took no affirmative steps to monitor appeal despite being told no transcript had been filed and never receiving confirmation from this Court that appeal had been docketed).

> Our Supreme Court has said that a delay of more than 30 days in filing a transcript is presumptively unreasonable and inexcusable, but that presumption may be rebutted *if the appellant comes forward with evidence* to show that the delay was neither unreasonable nor inexcusable.

(Punctuation omitted; emphasis supplied.) *ACCC*, 314 Ga. App. at 657. A trial court's ruling on whether an appeal is subject to dismissal under OCGA § 5-6-48 (c) will be reversed only for an abuse of discretion. Id. With this deferential standard of review in mind, we now turn to the appellants' enumerations of error.

1. The appellants first contend that the trial court abused its discretion in dismissing their appeals when it found the delay in filing the transcript to be unreasonable, ignoring evidence of the "misaddressed" cost bill, which they argue would have been an independent cause of the belated docketing of the appeal in this Court. We disagree.

In evaluating whether the delay was unreasonable, we consider both the length and effect of the delay. See *Pistacchio*, 314 Ga. App. at 121.

10

Delay is unreasonable where it may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale, such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.

(Citation and punctuation omitted.) Id. at 121-122. The appellants maintain that the trial court ignored evidence of the "misaddressed" cost bill and/or misapplied the law by finding that "[a]ny argument . . . as to whether the record could have been prepared by . . . the end of the April term of court pursuant to Court of Appeals Rule 12, in light of the misaddressed cost bill[,] is speculation. The courts will not consider such speculation in determining whether delay is unreasonable. *Postell v. Alfa Insurance Corp.*, 332 Ga. App. 22, 26 [(2) (a) (i) (772 SE2d 793)] (2015)." In *Postell*, the appellant argued that the delay was not unreasonable because the appeal could have been prepared and transmitted in time to be docketed in the earlier term. Id. at 25-26 (2) (a). This Court rejected appellant's argument as speculative. Id. See also *Pistacchio*, 314 Ga. App. at 122 (rejecting as speculative appellants' argument that the delay was not unreasonable because it did not cause the appeal to be docketed into a later term).

11

The Department alleges that the trial court's analysis is backwards:

> Instead of rejecting the speculative argument that the record could have been prepared within the limited time remaining in the term, the [trial] court relied on this speculation to dismiss the appeal. Any assumption here that the record would have been transmitted to this Court in time for docketing in the August term, despite the misaddressed cost bill, rests on speculation.

We are not persuaded by appellants' contention that the trial court relied upon speculation to dismiss their appeal. The trial court clearly found that the "misaddressed" cost bill did not support the appellants' contention that the delay in filing the transcript was not unreasonable and this finding is supported by the record. The appellants failed to come forward with any affidavits or testimony from a Court of Appeals or Fulton County Superior Court clerk that the appeal could not have been docketed within an earlier term of court.[7] Accordingly, the appellants have failed to

---

[7] Moreover, as indicated above, the trial court noted in its order that the appellants failed to monitor the timely progress of the filing of the transcript, including failing to monitor the Clerk's website. Specifically, the trial court noted that "the evidence shows that [the appellants] did not take any action such as monitoring the Register of Actions page on the Clerk's Office's website to verify whether the court reporter had filed the transcript." As HealthSouth's attorney stated during the motion to dismiss hearing without objection from appellants,

> as Your Honor is well aware, the Superior Court of Fulton County

12

rebut the presumption that the 133-day delay in filing the transcript was unreasonable. See *ACCC*, 314 Ga. App. at 658-659 (no evidence presented from clerk or staff to support appellant's claim that delay in filing transcript was not unreasonable because appeal inevitably would have been delayed by a maternity leave within the trial court's appeals division). Compare *Atlantic Geoscience v. Phoenix Dev. and Land*

> several years ago went to a publicly available docket system and electronic filing on that docket and the docket is publicly available online and it is updated in real-time. . . . It is a very robust database that shows what has been filed in any case at any point in time. And the evidence would also show that we don't see that the appellants took a look at the docket to see whether the transcript had been filed.

And again noted in its brief:

> [A]ll court filings in the Fulton County Superior Court are publicly available for viewing at *justice.fultoncountyga.gov*, which is updated in real time. . . . [N]ot only is the register of actions complete and updated in real time, but it also clearly shows two separate cost bills issued on March 24, 2017, [only one of which] was paid on April 20, 2017, while [the other] remained outstanding until processed on July 11, 2017. The register also showed no transcript had been filed.

The implication is that had the appellants properly monitored the Register of Actions page, they would have learned that the transcript had not been filed *and* that the "misaddressed" cost bill had not been paid.

*Investment*, 341 Ga. App. 81 (799 SE2d 242) (2017) (affirming denial of motion to dismiss appeal under OCGA § 5-6-48 (c) where undisputed evidence showed that transcripts could not have been prepared because of court reporter's health).

In a related enumeration, the Hospital Respondents separately contend that the trial court erred by failing to make any findings that HealthSouth was prejudiced by any delay. But, as set out above, a delay in transmitting the appellate record will be found unreasonable where it directly prejudices the position of a party *or* causes the appeal to be stale by preventing its placement on the earliest possible appellate calendar *or* by delaying its docketing in the appeals court. See *HTTP Hypothermia Therapy v. Kimberly-Clark Corp.*, 330 Ga. App. 857, 860 (768 SE2d 542) (2015); *Pistacchio*, 314 Ga. App. at 121-122. "Indeed, we have repeatedly recognized that justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed." (Punctuation and footnote omitted.) *Callaway v. Garner*, 340 Ga. App. 176, 179 (796 SE2d 906) (2017). As we have previously explained, the appellants have failed to meet their burden of showing that the delay was not unreasonable due to delayed docketing in this Court.

14

2. The appellants next contend that trial court erred in finding the delay inexcusable and rejecting their good faith belief that the transcript had been filed. In support of this contention, the appellants rely on (a) counsel's collective past appellate experience, (b) the manual for court reporters in Fulton County Superior Court, (c) a fee schedule for services of court reporters published by the Judicial Council of Georgia, (d) the cost billing form received from the Clerk, and (e) OCGA § 5-6-41 (c). But, none of this evidence rebuts the presumption that the delay was inexcusable.

What the evidence shows is that counsel for Gwinnett Hospital System failed to follow-up with the court reporter when she asked if he wanted a copy of the transcript and then filed a notice of appeal requesting that the *trial court* file the "previously compiled transcript." Regardless of counsels' collective past experience, it is not the duty of the trial court or the court reporter to file the transcript on behalf of an appellant. See OCGA §§ 5-6-41 (c) and 5-6-42. Moreover, neither the manual, the fee schedule, nor OCGA § 5-6-41 (c) relieve the appellants of their duty to have the transcript prepared at their expense and to file it within 30 days after the filing of their notice of appeal.

Similarly, the appellants are not absolved of these duties simply because they learned that HealthSouth had requested a transcription of the hearing. The appellants contend that the delay here was even more justified than the delay in other cases because the transcript in this case already had been prepared; the trial court should have given proper weight to the fact that the appellants believed the transcript had been filed because it already had been transcribed. We disagree.[8] The evidence before the trial court authorized it to conclude that the appellants' "good faith [belief] that the court reporter would file the transcript because it had already been prepared does not excuse [the appellants'] failure to follow-up with the court reporter at any time before the end of the 30[-]day filing deadline."

The trial court also was authorized to reject appellants' claim that the line item for transcript charges in the cost bill justified their belief that the transcript had been filed. In *Allan v. Jefferson Lakeside*, 333 Ga. App. 222, 223-225 (1) (775 SE2d 763) (2015), this Court reversed the dismissal of an appeal where the cost bill form included a line item charge designated as "'Transcript.'" Id. at 224 (1). In that case,

_____

[8] We reiterate the trial court's observation that the appellants easily could have monitored the "Register of Actions page" on the Fulton County Superior Court Clerk's website/online docket to verify whether the transcript had been filed in the case.

16

however, counsel ordered the transcript from the court reporter, inquired as to the cost for preparation, and continually followed-up with the clerk before the 30-day deadline. Id. at 224-225 (1). In this case, not one of the appellants' six attorneys monitored the status of the appeal until May 19, 2017, 27 days *after* the deadline for filing the transcript, at which point counsel for all the appellants were put on notice that the transcript had not been filed. Despite this knowledge, the appellants then waited another month to attempt to remedy the problem. The trial court did not abuse its discretion in finding the delay inexcusable.

3. The appellants next contend that the trial court abused its discretion in finding that they caused the delay in filing the transcript. They argue that the evidence shows the transcript had been completed by the court reporter, but that the court reporter did not file it as required by OCGA § 5-6-41 (e). We find no merit in this enumeration.

Here, the appellants did not properly order the transcript. There is no evidence that they followed-up with the court reporter's March 20 email or paid for the transcript before the 30-day deadline. There is ample evidence set out above demonstrating that the appellants caused the delay in filing the transcript and the trial court did not abuse its discretion in so finding. Compare *Alpha Balanced Fund v.*

*Irongate Performance Fund*, 342 Ga. App. 93, 96 (802 SE2d 357) (2017) (delay not caused by appellant where possible glitch in new electronic filing system prevented transcript from being filed, and evidence showed that appellant's attorneys asked for transcript to be filed, submitted a check for the transcript, and received a copy of the transcript).

4. Relying on *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990), the Hospital Respondents separately contend that the trial court improperly relied on the appellants' failure to request an extension pursuant to OCGA § 5-6-42 in finding dismissal appropriate. There is no merit in this argument. In *Baker*, the Georgia Supreme Court remanded the case because the trial court made no finding as to whether the appellant caused the delay, basing its dismissal of the appeal solely on appellant's failure to seek an extension. Id. at 116. As set out extensively above, the trial court here did not base its dismissal of the appeal solely on the appellants' failure to request an extension.

*Judgment affirmed. Miller, P. J., and Goss, J., concur.*