**FOURTH DIVISION**
**DILLARD, P. J.,**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 17, 2021**

# In the Court of Appeals of Georgia

A18A1117. BRUMBELOW v. MATHENIA, et al.

DILLARD, Presiding Judge.

In *Mathenia v. Brumbelow*,[1] the Supreme Court of Georgia reversed this Court's opinion in *Brumbelow v. Mathenia*.[2] Accordingly, we vacate our prior opinion, and we adopt the opinion of the Supreme Court. The judgment of the trial court is affirmed.

*Judgment affirmed. Doyle, P. J., and Mercier, J., concur.*

---

[1] 308 Ga. 714 (843 SE2d 582) (2020).

[2] 347 Ga. App. 861 (819 SE2d 535) (2018).

A18A1117. BRUMBELOW v. MATHENIA, et al.

DILLARD, Presiding Judge, concurring dubitante.[1]

I concur because my oath requires that I do so.[2] But I continue to believe this Court's original decision was correct, and I am troubled by the tone, reasoning, and holding of the Supreme Court of Georgia's majority opinion. In essence, our Supreme Court has significantly diminished the constitutional rights of unwed biological

---

[1] A concurrence dubitante is a concurrence that is given doubtfully. Unlike a concurrence in the judgment only or a special concurrence without a statement of agreement with all that is said, a concurrence dubitante is a *full* concurrence, albeit one with reservations. *See Benefield v. Tominich*, 308 Ga. App. 605, 611 n.28 (708 S.E.2d 563) (2011) (Blackwell, J., concurring dubitante); Jason J. Czamezki, *The Dubitante Opinion*, 39 Akron L. Rev. 1 (2006).

[2] *See Ward v. Marriott Int'l, Inc.*, 352 Ga. App. 488, 493 (2) (a) (835 SE2d 322) (2019) ("[A]s an intermediate appellate court, we are bound by Georgia statutes and Supreme Court of Georgia decisions. When the Supreme Court has addressed an issue in clear terms, this [C]ourt is not at liberty to decline to follow the established rule of law." (punctuation omitted)); Ga. Const. Art. VI, § VI, Para. VI ("The decisions of the Supreme Court shall bind all other courts as precedents.").

fathers in Georgia and made it far more difficult for many of them to preserve their opportunity interest in a natural parent-child relationship. Indeed, if—as in this case—the biological mother unilaterally decides to cut of all communication with the biological father and place their child up for adoption, the biological father is now in the position of either harassing (to the point of stalking) the biological mother or forfeiting his opportunity interest in a parent-child relationship. Some may cheer this catch-22 because it is good for business. I do not.[3]

The majority also chastises this Court for pointing out and relying upon *undisputed* material facts[4] admitted to by the mother under oath and ignored by the trial court in its order. Suffice it to say, although it is well within the province of a trial court to resolve *conflicts* in the evidence, that court should not be permitted to

---

[3] As our Supreme Court recognized in *In re Baby Eason*, 257 Ga. 292, 297 (358 SE2d 459) (1987), "the relationship . . . between adopting parents and child [does] not take place in the absence of state participation[,] [and] . . . [an] unwed father has a constitutionally protected interest *which cannot be denied him through state action*." (emphasis supplied).

[4] *See, e.g.*, *Mathenia v. Brumbelow*, 308 Ga. 714, 715 (1) (843SE2d 582) (2020) (holding that this Court's opinion in *Brumbelow* "included analysis of evidence that the superior court did not mention in its order—testimony and other evidence the superior court was entitled to discredit or afford no significant weight").

cherry pick some undisputed facts while conveniently ignoring others in order to achieve a seemingly predetermined result.[5] This may now be the law, but it ought not be.

---

[5] *See Mathenia*, 308 Ga. 7at 727 (Peterson, J., dissenting) ("The majority overstates the responsibility of appellate courts to ignore undisputed facts that *a trial court has not rejected*." (emphasis supplied)); *Hughes v. State*, 296 Ga. 744, 746 (1) n.4 (770 S.E.2d 636) (2015) (holding that when "some or all of the material facts may be undisputed, as where the defendant *concedes a fact unhelpful* to his cause . . ., where the State admits a fact unhelpful to its case in connection with the motion, or where the State and defendant expressly stipulate to a fact . . . an appellate court properly may take notice of the undisputed facts—even if the trial court did not—without interfering with the prerogative of the trial court to resolve disputes of material fact" (emphasis supplied)); *Mack v. State*, 296 Ga. 239, 241-42 (765 SE2d 896) (2014) (noting that this Court must affirm the trial court's findings as to disputed facts unless clearly erroneous, but explaining that "our review of the trial court's application of the law to the undisputed facts is de novo"); *McDougal v. State*, 277 Ga. 493, 497 (1) (591 SE2d 788) (2004) (same); *Lee v. State,* 270 Ga. 798, 802 (7) (514 SE2d 1) (1999) ("The evidence regarding this incident is uncontroverted and there is no question regarding the credibility of the witnesses. Therefore, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (punctuation omitted)).