**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 1, 2021**

# In the Court of Appeals of Georgia

A20A1995. NORMAN v. THE STATE.

PHIPPS, Senior Appellate Judge.

In June 2017, a jury convicted Leila Norman of leaving the scene of an accident. Following the denial of her motion for new trial, she filed a notice of appeal. The sole issue on appeal is whether the trial court erred in dismissing Norman's notice of appeal because she failed to timely file a transcript of the motion for new trial hearing pursuant to OCGA § 5-6-42. Finding no error, we affirm.

"A trial court's ruling on whether an appeal is subject to dismissal under OCGA § 5-6-48 (c) will be reversed only for an abuse of discretion." *Northeast Ga. Med. Center, Inc. v. HealthSouth Rehabilitation Hosp. of Forsyth County, LLC.*, 347 Ga. App. 852, 857 (821 SE2d 68) (2018).

The record shows that in August 2018, Norman's counsel filed a notice of appeal, which stated that "[t]he Clerk will transmit to the Clerk of the Court of Appeals the entire record of the case, and not omit any portion of the record and transcript, including the transcript of the hearing on the amended motion for new trial in this case." Counsel, however, did not make any request for the transcript directly with the court reporter. Over a year later, in September 2019, the trial court sua sponte scheduled a hearing on October 24, 2019, to consider whether the appeal should be dismissed because a transcript of the motion for new trial hearing had not been prepared or filed.

After the hearing, the trial court entered an order dismissing Norman's appeal. The trial court found that the delay in the filing of the hearing transcript was caused by Norman's counsel and that the delay was prima facie unreasonable and inexcusable. This appeal followed.

Norman contends that the trial court abused its discretion in dismissing her appeal. We disagree.

OCGA § 5-6-42 provides that a transcript must be filed within 30 days after the filing of a notice of appeal unless an extension of time is requested as provided by OCGA § 5-6-39. The trial court may, after notice and hearing, order an appeal dismissed for a party's failure to file

2

a transcript on time only if the delay was (1) unreasonable, (2) inexcusable, and (3) caused by such party. OCGA § 5-6-48.

*Dalton v. Vo*, 224 Ga. App. 382, 382 (480 SE2d 377) (1997). "A delay in excess of 30 days is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." *Kelly v. Dawson County*, 282 Ga. 189, 189 (646 SE2d 53) (2007).

Here, the trial court correctly noted that, as the appellant, Norman bore the responsibility of timely filing the transcript. See *Kelly*, 282 Ga. at 189. By the time the trial court held a hearing on this matter in October 2019, over a year had elapsed without the transcript having been filed. At the hearing, counsel provided no evidence to establish that the delay was justified.[1] Counsel maintained that because he stated in the notice of appeal that the transcript was to be included in the record, he assumed that the trial court or the clerk's office would have notified the court reporter. He further argued that he was not at fault because he never told the court reporter *not* to

---

[1] On February 28, 2020, counsel filed a motion in the trial court to obtain the transcripts for the motion for new trial hearing as well as the appeal dismissal hearing. Those transcripts were produced and included in the appellate record transmitted to this Court.

prepare the transcript. While counsel is not responsible for any delays caused by a court reporter or the clerk's office, it was his duty to properly request the transcript in a timely manner. See *Northeast Ga. Med. Center*, 347 Ga. App. at 856. Compare *Boulden v. Fowler*, 202 Ga. App. 237, 238 (414 SE2d 263) (1991) (trial court abused its discretion in dismissing appeal where evidence showed that delay "was attributable to the 'backlog' of the court reporter, rather than to any act or omission on the part of the appellants").

Moreover, counsel concedes that between the filing of the notice of appeal and the dismissal hearing over a year later, he did not communicate with the court reporter, clerk's office, trial court, or the State regarding the status of the case. In fact, he stated at the hearing that the clerk or the State could have notified the court reporter that a transcript had not been filed, but this argument ignores well-settled law that it is the appellant's duty to order the transcript and monitor the progress of its preparation. See *Newton v. Freeman*, 353 Ga. App. 704, 709 (1) n. 7 (839 SE2d 203) (2020) ("The duty to order the transcript and to monitor timely the progress of the reporter's office in transcript preparation is vested upon the appropriate appealing party.") (citation and punctuation omitted).

4

In an effort to circumvent her burden, Norman argues that "because [she] is indigent, the ultimate responsibility for the production of the transcript was vested in the trial court[.]" However, the statute does not distinguish between indigent and non-indigent defendants. See OCGA § 5-6-42 ("*appellant* shall cause the transcript to be prepared and filed[.]") (emphasis supplied). The fact that Norman is indigent, and therefore entitled to a transcript at public expense, *Mitchell v. State*, 280 Ga. 802, 802 (1) (633 SE2d 539) (2006), does not relieve her of the obligation to properly request the transcript and cause it to be filed.

Because Norman's counsel failed to properly request the transcript, and has conceded that he did not communicate about the status of the case with the trial court, the State, the clerk's office, or the court reporter for more than a year after filing a notice of appeal, we find no abuse of discretion in the trial court's dismissal.

*Judgment affirmed. Miller, P. J., and Mercier, J., concur*.