**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 16, 2022**

# In the Court of Appeals of Georgia

A22A0857, A22A0924. PREMIER PEDIATRIC PROVIDERS, LLC v. KENNESAW PEDIATRICS, P. C.; and vice versa.

MARKLE, Judge.

These consolidated appeals arise from the trial court's grant of summary judgment in favor of Kennesaw Pediatrics, P. C. and against Premier Pediatric Providers, LLC in a suit involving an alleged scrivener's error in a subscription agreement. Kennesaw asserted that, because of the subscription agreement, it had acquired a membership interest in Premier; thus, allowing Kennesaw to have access to Premier's corporate books and records pursuant to the procedures outlined in OCGA § 14-11-313 (3). In Case No. A22A0857, Premier argues that the trial court erred in granting summary judgment to Kennesaw. In Case No. A22A0924, Kennesaw argues that the trial court abused its discretion by failing to dismiss

Premier's appeal because Premier failed to timely order the transcript of the summary judgment hearing. For the reasons that follow, we find the trial court abused its discretion when it denied Kennesaw's motion to dismiss Premier's appeal. We therefore reverse the denial of Kennesaw's motion to dismiss the appeal in Case No. A22A0924, and dismiss Premier's appeal in Case No. A22A0857.

> We review a trial court's ruling on a motion to dismiss an appeal pursuant to OCGA § 5-6-48 (c) under an abuse of discretion standard . . . . Absent an abuse of such discretion, the court's decision will not be disturbed on appeal.

(Citation and punctuation omitted.) *Brown v. Quiggley*, 361 Ga. App. 76, 77 (862 SE2d 739) (2021).

The record shows that Kennesaw asserted it bought a membership interest in Premier under a subscription agreement, and sought to utilize the agreement as a means to seek access to Premier's corporate books and records under the agreement's terms. In response to Kennesaw's request, Premier asserted that the subscription agreement at issue contained a scrivener's error, and that the parties intended for Kennesaw to purchase a membership interest in another company. Thus, Premier refused to allow Kennesaw access to its records. Kennesaw then filed a verified

complaint for inspection of Premier's books and records, pursuant to OCGA § 14-11-313 (3).

Both sides then filed cross-motions for summary judgment. Following a hearing, the trial court denied Premier's motion and granted Kennesaw's motion for summary judgment and attorney fees, finding that the subscription agreement allowed Kennesaw the right to inspect Premier's books and records under the procedures set forth in the statute. Premier filed its notice of appeal on August 2, 2021.

On August 3, 2021, Premier received the court clerk's cost bill in the amount of $1,629.50, which included a line item designation for "transcript charges," and Premier paid it on August 18, 2021. Approximately four months later, Kennesaw moved to dismiss the appeal, asserting that Premier failed to ensure the hearing transcript was included in the record within 30 days of the filing of its appeal. Kennesaw also filed the court reporter's affidavit, averring that Premier never ordered or paid for the transcript. Upon learning that it had not already been done, Premier sought to have the transcript prepared and filed. Three days later, the transcript was filed. The trial court subsequently denied Kennesaw's motion, finding the delay in filing the transcript was not unreasonable or inexcusable. These appeals followed.

*Case No. A22A0924*

3

1. We address this appeal first because Kennesaw's argument pertains to our jurisdiction to entertain Premier's appeal.

> The applicable statutory framework governing appellate practice and the filing of a transcript of the proceedings is as follows. OCGA § 5-6-37 requires that the notice of appeal shall state whether or not any transcript of evidence and proceedings is to be transmitted as part of the record on appeal. OCGA § 5-6-41 (c) provides that where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense.

*Northeast Ga. Med. Center v. Healthsouth Rehabilitation Hosp. of Forsyth County*, 347 Ga. App. 852, 855-856 (821 SE2d 68) (2018). Further, Uniform Superior Court Rule 41.3 provides, in pertinent part, that the filing of a notice of appeal "shall constitute a certificate by the attorney that the transcript *has been ordered* from the court reporter[.]" Also, OCGA § 5-6-42 specifically provides:

> Where there is a transcript of evidence and proceedings to be included in the record on appeal, . . . . [t]he party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal . . .

In turn, a trial court has the discretion to dismiss an appeal, after notice and opportunity for hearing,[1] "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." OCGA § 5-6-48 (c). Accordingly,

> as explained by our Supreme Court, OCGA § 5-6-48 (c) sets forth three criteria for dismissal of an appeal for failure to timely file a transcript: 1) unreasonable delay which was 2) inexcusable and 3) caused by such party. A delay in excess of 30 days is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable. The trial court has discretion in passing on these questions, but that discretion is subject to appellate review for abuse.

(Citations and punctuation omitted.) *Carbonara v. Fortress Group*, 358 Ga. App. 283, 286 (1) (853 SE2d 388) (2021); see also *Central Ga. Dev. Group v. Synovus Bank*, 320 Ga. App. 893, 894 (740 SE2d 812) (2013); *Pistacchio v. Frasso*, 314 Ga. App. 119, 121 (723 SE2d 322) (2012); OCGA § 5-6-48 (c). "And while trial courts have wide discretion when ruling on a motion to dismiss an appeal based on a failure

---

[1] "With regard to the opportunity for a hearing on a motion to dismiss an appeal, this Court has held that all that is required is the opportunity to respond." (Citation omitted.) *Lemmons v. Newton*, 269 Ga. App 880, 881 (605 SE2d 626) (2004).

to timely file a transcript, that discretion is not unlimited." (Citation and punctuation omitted.) *Newton v. Freeman*, 353 Ga. App. 704, 707 (1) (839 SE2d 203) (2020); *SDM Investments Group, v. HBN Media*, 358 Ga. App. 421, 423-424 (1) (853 SE2d 688) (2021). Here, we conclude that the trial court abused its discretion because Premier's failure to timely file the transcript was both unreasonable and inexcusable.

(a) *Premier's delay was unreasonable.*

The question of whether a delay in filing the transcript is unreasonable generally refers to the length and effect of the delay, and "[w]ith respect to the length of the delay, we have repeatedly recognized that justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed." (Citation omitted.) *Fulton County Bd. of Tax Assessors v. Technology Sq.*, __ Ga. App. __ (1) (871 SE2d 671, 675 (1) (2022); see also *SDM Investments Group*, 358 Ga. App. at 425 (1); *Newton*, 353 Ga. App. at 708 (1); *Callaway v. Garner*, 340 Ga. App. 176, 179 (1) (796 SE2d 906) (2017); *HTTP Hypothermia Therapy v. Kimberly-Clark Corp.*, 330 Ga. App. 857, 860 (1) (768 SE2d 542) (2015). Moreover, a delay of more than 30 days in filing the transcript is prima facie unreasonable. *Carbonara*, 358 Ga. App. at 286 (1); see

6

also *Kelly v. Dawson County*, 282 Ga. 189 (646 SE2d 53) (2007); *Fulton County Bd. of Tax Assessors*, __ Ga. App. at __ (1) (871 SE2d at 675 (1)).

> Delay can affect an appeal by causing the appeal to be stale, such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court."

(Citation omitted.) *Carbonara*, 358 Ga. App. at 286 (1) (a). This Court's terms commence on the first Mondays of December, April, and August. See Court of Appeals Rule 12. Here, the nearly four-month lapse in ordering the transcript resulted in a delay in the docketing of Premier's appeal by at least one term of this Court and was, therefore, unreasonable. Id. at 286-287 (1) (a); see also *Brown*, 361 Ga. App. at 80 (delay in filing transcript was unreasonable where appeal "could have conceivably been docketed during" an earlier term of court.); *American Nat. Property & Cas. Co. v. Potts*, 243 Ga. App. 645, 646-647 (534 SE2d 123) (2000) (month-and-a-half delay in paying for transcript was considered unreasonable where it prevented docketing and placement of case on earliest possible appellate calendar).

(b) *Premier's delay was inexcusable*.

Premier's delay in filing the transcript was also inexcusable. Premier had a duty to designate in its notice of appeal whether or not any transcript of evidence and

7

proceedings was to be transmitted as a part of the record on appeal; and it was responsible for requesting it, paying for it, and ensuring the transcript was filed within 30 days. *Carbonara*, 358 Ga. App. at 286 (1); see also *SDM Investments Group*, 358 Ga. App. at 425 (1); OCGA §§ 5-6-41 (c); 5-6-42. The record shows that Premier's notice of appeal, filed in August 2021, designated that the transcript of the summary judgment hearing be included in the record on appeal. However, the transcript was not filed until December 2021. As the transcript was filed more than 30 days after the filing of the notice of appeal, Premier's delay is prima facie inexcusable. *Carbonara*, 358 Ga. App. at 286 (1); see also *Kelly*, 282 Ga. at 189.

Therefore, it was incumbent on Premier to come forth with evidence to rebut the presumption that the delay was inexcusable. *Carbonara*, 358 Ga. App. at 286 (1); see also *Kelly*, 282 Ga. at 189; *Fulton County Bd. of Tax Assessors*, __ Ga. App. at __ (1) (871 SE2d at 675 (1)) ("[I]f the delay in filing the transcript exceeds 30 days, the burden shifts to [Premier] to show with evidence why the delay was reasonable or excusable."). Premier has not met this burden.

Here, more than 100 days passed from the filing of the notice of appeal without Premier ever ordering the transcript or ensuring that the transcript was, in fact, filed. Relying on *Allan v. Jefferson Lakeside, L. P.*, 333 Ga. App. 222, 224 (1) (775 SE2d

763) (2015), Premier asserts, as its only defense, that it had no reason to believe that the transcript had not been filed or that the record on appeal was incomplete. It asserts that this belief was due to the clerk's issuance of the cost bill — delineating the line-item charge for the transcript as well as the total number of pages for the record on appeal — which it received within a day of it filing the notice of appeal. We find this argument unpersuasive.

In *Allan*, a case in which we dealt with a similar argument regarding a line item in the clerk's cost bill suggesting that the transcript had been timely filed when, in fact, it had not, we reversed the trial court's dismissal of an appeal because the record evidence showed appellants' counsel actively pursued the timely preparation and filing of the transcript by ordering it, inquiring as to the cost of its preparation, and by repeatedly following up with the clerk concerning the status of the transcript prior to the 30-day deadline for filing. *Allan*, 333 Ga. App. at 224-225 (1).

The facts of *Allan*, however, are notably distinguishable from the current case. Here, unlike in *Allan*, Premier has presented no evidence showing that it contacted the court reporter to order the transcript, or that it even checked with the court clerk to see if the transcript had been filed until after Kennesaw filed its motion to dismiss the appeal. In fact, the court reporter averred that Premier had not ordered nor paid

9

for the transcript. As such, Premier has presented no evidence in rebuttal to show that it took any affirmative steps in monitoring the status of the appeal in the over 100 days prior to the filing of Kennesaw's motion to dismiss, or to otherwise show that the delay in filing the transcript was reasonable and excusable.[2] *Northeast Ga. Med. Center*, 347 Ga. App. at 860 (2). In *Northeast Ga. Med. Center*, we rejected a similar argument that the cost bill that allegedly contained a line item for transcript charges excused appellants' failure to file the transcript, explaining that appellants failed to monitor the status of the appeal and that their failure to act diligently to remedy the problem once discovered showed the delay was unreasonable and inexcusable. 347 Ga. App. at 857-860 (1), (2).

Moreover, we have repeatedly held that "the statutory duty to file timely a transcript does not rest with the court reporter; rather the duty to order the transcript and to monitor timely the progress of the reporter's office in transcript preparation is vested upon the appropriate appealing party." (Citation and punctuation omitted.)

---

[2] Interestingly, Premier repeatedly notes in its reply that the summary judgment transcript was the *only* transcript of record in the case; thus, justifying why it reasonably perceived that the line item charge of $35 on the cost bill for the transcript meant the transcript had been filed. This, however, does not excuse or justify Premier's failure to ensure the transcript was timely filed in this Court. *Northeast Ga. Med. Center*, 347 Ga. App. at 856.

*Northeast Ga. Med. Center*, 347 Ga. App. at 856; see also *Morrell v. Western Svcs.*, 291 Ga. App. 369, 373 (2) (662 SE2d 215) (2008) ("Appellants are not accountable for delays caused by clerks of court or court reporters *after the transcript has been ordered properly*; appellants are held accountable only for delays that they cause.") (citation and punctuation omitted; emphasis supplied). Thus, Premier cannot shift the blame to the clerk for any alleged misinformation on the cost bill where its failure to promptly order the transcript and ensure that it was timely filed in the record caused the delay.[3] *SDM Investments Group, LLC*, 358 Ga. App. at 426 (1) ("subjectively believing [the transcript] had been filed does not relieve an appellant of its obligation to actively ensure that a transcript was filed or to, at a minimum, request an extension to file it. . . . [w]e have repeatedly held that it is not the court reporter's responsibility to ensure a transcript is filed.").

---

[3] Ironically, Premier argues that Kennesaw, likewise, is responsible for the delay in filing the transcript, and that it "comes into this dispute with unclean hands" because it failed to pay for its portion of the take-down of the summary judgment hearing. This argument is unavailing. As with attempts to blame the clerk or court reporter for its failure to timely file the transcript, Premier cannot blame Kennesaw for such failure where, as the appealing party, it was solely Premier's duty to ensure the transcript was paid for and timely filed. *Northeast Ga. Med. Center*, 347 Ga. App. at 856; *Morrell*, 291 Ga. App. at 373 (2); OCGA § 5-6-41 (c) ("it shall be the *duty of the appellant* to have the transcript prepared at the *appellant's expense*.") (emphasis supplied); USCR 41.3 (the party filing the notice of appeal "shall be personally responsible for compensating the court reporter for the cost of transcription.")

11

In denying Kennesaw's motion to dismiss Premier's appeal, and in its attempt to distinguish this case from *Northeast Ga. Med. Center*, 347 Ga. App. 852, the trial court, in its order, focused only on what Premier did *after* it discovered the transcript had not been filed, but it failed to consider Premier's actions, or the lack thereof, in the more than 100-day period preceding the filing of Kennesaw's motion. Only after Kennesaw filed its motion to dismiss the appeal did Premier seek to have the transcript prepared and filed. Although Premier filed the transcript only three days after Kennesaw filed its motion,[4] we cannot ignore our precedent establishing Premier's duty to ensure timely filing of the transcript *at* the time of filing its notice of appeal, *before* the 30-day deadline for filing, and *during* the ensuing nearly four-month period before Kennesaw filed its motion to dismiss the appeal. *Carbonara*, 358 Ga. App. at 286 (1) ("Although the court reporter was responsible for some of the delay, *the trial court did not have discretion to ignore* the Carbonaras' significant role in the delay.") (emphasis supplied); see also *SDM Investments Group*, 358 Ga. App. at 425 (1); *Northeast Ga. Med. Center*, 347 Ga. App. at 856-860 (2); *Morrell*, 291 Ga.

―――――――――――――――

[4] At oral argument, and while reminding the Court that our case law looks to the totality of the circumstances surrounding the delay, Premier argued that this Court should look primarily to the efforts it made to file the transcript in the 3-days time *after* it learned there was an issue with the transcript.

App. at 373-374 (2) (51-day delay caused by appellant was unreasonable and inexcusable); *Vaughn v. Faulkner*, 288 Ga. App. 798, 798-799 (655 SE2d 686) (2007) (dismissal of appeal affirmed where appellant delayed filing transcript 81 days); *Dye v. U. S. Bank Natl. Assn.*, 273 Ga. App. 652, 653-654 (616 SE2d 476) (2005) (dismissal of appeal affirmed where appellant delayed filing transcript more than two months); OCGA §§ 5-6-41 (c); 5-6-42. We conclude that the trial court's failure to consider the preceding four-month delay constitutes an abuse of discretion in denying Kennesaw's motion to dismiss Premier's appeal. *SDM Investments Group*, 358 Ga. App. at 426 (1); *Northeast Ga. Med. Center*, 347 Ga. App. at 855. Accordingly, based on all of the foregoing, we must reverse the trial court's order in Case No. A22A0924.

*Case No. A22A0857*

2. In light of our holding in Division 1, we do not reach the merits of Premier's appeal, and it is dismissed.

*Judgment reversed in Case No. A22A0924. Appeal dismissed in Case No. A22A0857. Dillard, P. J., and Mercier, J., concur.*